[Cite as *State v. Long*, 2012-Ohio-3091.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | NUNC PRO TUNC |
| - vs - | : | JUDGMENT ENTRY |
| GUY ALEXANDER LONG | : | FILED:  **July 2, 2012** |
| Defendant-Appellant | : | CASE NO. 11CA95 |

For the reasons stated in our Memorandum-Opinion filed on June 27, 2012, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.

Due to a clerical error the language "Costs to" has been corrected to reflect "Costs to Appellant"; therefore, this Judgment Entry shall speak and be in effect**, nunc pro tunc**, as of June 27, 2012, the date of the former Judgment Entry of this Court, which this Judgment Entry corrects and replaces.

IT IS SO ORDERED.

s/ Sheila G. Farmer_____

 s/ W. Scott Gwin_____

 s/ Julie A. Edwards_____

JUDGES

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

GUY ALEXANDER LONG

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. 11CA95

O P I N I O N

CHARACTER OF PROCEEDING:

Appeal from the Court of Common
Pleas, Case No. 2011CR147H

JUDGMENT:

Affirmed

DATE OF JUDGMENT:

June 27, 2012

APPEARANCES:

For Plaintiff-Appellee

JOHN C. NIEFT
38 South Park Street
Mansfield, OH  44902

For Defendant-Appellant

DALE M. MUSILLI
105 Sturges Avenue
Mansfield, OH  44903

*Farmer, J.*

{¶1} On March 11, 2011, the Richland County Grand Jury indicted appellant, Guy Alexander Long, on two counts of possession of drugs in violation of R.C. 2925.11, one count of having a weapon under disability in violation of R.C. 2923.13, two counts of receiving stolen property in violation of R.C. 2913.51, and one count of safecracking in violation of R.C. 2911.13. Said charges arose from a search of appellant's residence pursuant to a no-knock search warrant. Subsequently, appellant was charged with one count of aiding and abetting tampering with evidence in violation of R.C. 2921.12.

{¶2} On May 18, 2011, appellant filed a motion to suppress, challenging the search warrant. A hearing was held on June 17, 2011. The trial court denied the motion.

{¶3} On September 13, 2011, appellant pled no contest to all the counts except for one of the receiving stolen property counts which was dismissed. By sentencing entry filed same date, the trial court sentenced appellant to an aggregate term of seven years in prison.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "INEFFECTIVE ASSISTANCE OF COUNSEL."

I

{¶6} Appellant claims he was denied the effective assistance of trial counsel. We disagree.

{¶7}   The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011.  Appellant must establish the following:

{¶8}   "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶9}   "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶10}  Appellant argues his trial counsel was ineffective for failing to attack the sufficiency of the affidavit for the search warrant.  Appellant argues the affidavit was based on unsubstantiated anonymous tips that were not corroborated by any other evidence.

{¶11}  On May 18, 2011, trial counsel filed a motion to suppress, but based the challenge on procedural irregularities in the search warrant itself.

{¶12}  The affidavit attached to the search warrant states the following in pertinent part:

{¶13}  "2. On December 01, 2010, METRICH received information from a concerned citizen stating that Guy Long is on Parole for Attempted Murder and is selling Crack Cocaine from 109 Lind Avenue, Mansfield, Richland County, Ohio.  According to

this source of information Guy Long installed a security camera to watch this property. Long is supplying numerous people with Crack Cocaine to sell in the City of Mansfield area. Long operates a 2003 Chevy Malibu (EQR-2184) and 1998 Black Chevy Blazer (FOH-1157). RM91803

{¶14} "3. On January 11, 2011, METRICH received information from C.I. '05-43' stating that Guy Long is still selling Crack Cocaine from 571 West Cook Road, Mansfield, Richland County, Ohio. According to the source of information, Long is in possession of handguns. The source of information said that Guy Long had been violent with them in the past and had struck them with a handgun. RM88733

{¶15} "4. On February 02, 2011, METRICH received information from a concerned citizen stating that Guy Long is selling Heroin and Crack Cocaine from 109 Lind Avenue, Mansfield, Richland County, Ohio. The source of the information stated that Long is operating a Black truck.

{¶16} "6. On February 4, 2011, METRICH received information from a concerned citizen that Guy Long of 109 Lind Avenue, Mansfield, Richland County, Ohio sells Crack Cocaine and Heroin from this residence. The source of information advised that Long recently received a shipment of drugs from Cleveland and may have that supply at this residence. Guy Long supplies other houses in the City of Mansfield with drugs to sell according to this source. The source also stated that Guy Long is aggressive.

{¶17} "9. C.I. '05-43' has provided valuable information to METRICH Enforcement Officers which has been independently corroborated and proven reliable."

{¶18} We find paragraphs 3 and 9 provide corroborative evidence that the confidential informant had previously provided information that was "independently corroborated and proven reliable."

{¶19} In *State v. George* (1989), 45 Ohio St.3d 325, paragraphs one and two of the syllabus, the Supreme Court of Ohio set the standard for evaluating the quality of the information in a search warrant affidavit as follows:

{¶20} "1. In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' (*Illinois v. Gates* [1983], 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 followed.)

{¶21} "2. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a *de novo* determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal

cases in this area should be resolved in favor of upholding the warrant.  (*Illinois v. Gates* [1983], 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 followed.)"

{¶22}  Based upon the template set forth in *George,* we find there was significant verification of the credibility of the information to justify the issuance of the search warrant.  Therefore, we conclude that although trial counsel should have challenged the affidavit on its face, there is no showing of actual prejudice to appellant given our review of the affidavit.

{¶23}  The sole assignment of error is denied.

{¶24}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Julie A. Edwards _____

                        JUDGES

SGF/sg 601

[Cite as *State v. Long*, 2012-Ohio-3091.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GUY ALEXANDER LONG | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CA95 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Julie A. Edwards_____

JUDGES