[Cite as *State v. Long*, 2014-Ohio-2032.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                     :          JUDGES:
                                  :
                                  :          Hon. William B. Hoffman, P.J.
        Plaintiff - Appellee      :          Hon. Patricia A. Delaney, J.
                                  :          Hon. Craig R. Baldwin, J.
-vs-                              :
                                  :
GUY A. LONG                       :          Case No. 13CA74
                                  :
        Defendant - Appellant     :          O P I N I O N



CHARACTER OF PROCEEDING:                     Appeal from the Richland County
                                             Court of Common Pleas, Case No.
                                             2011-CR-0147 H



JUDGMENT:                                    Affirmed



DATE OF JUDGMENT:                            May 12, 2014



APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

JOHN J. MAYER, JR.                           GUY A. LONG # 604650
Prosecuting Attorney                         Warren Correctional Institution
                                             P.O. Box 120
By: JOHN C. NIEFT                            Lebanon, OH 45036
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

*Baldwin, J.*

{¶1}     Defendant-appellant Guy Long appeals from the July 24, 2013 Judgment Entry of the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}     On March 11, 2011, the Richland County Grand Jury indicted appellant on two counts of possession of drugs in violation of R.C. 2925.11, one count of having a weapon under disability in violation of R.C. 2923.13, two counts of receiving stolen property in violation of R.C. 2913.51, and one count of safecracking in violation of R.C. 2911.13.   The charges arose from a search of appellant's residence pursuant to a no-knock search warrant. Appellant also was charged with one count of tampering with evidence in violation of R.C. 2921.12.

{¶3}     On May 18, 2011, appellant filed a Motion to Suppress, challenging the search warrant. A hearing was held on June 17, 2011. The trial court denied the motion.

{¶4}     On September 13, 2011, appellant pled no contest to all the counts except for one of the receiving stolen property counts which was dismissed. By sentencing entry filed same date, the trial court sentenced appellant to an aggregate term of seven years in prison.

{¶5}     Appellant filed an appeal, arguing that his trial counsel was ineffective in failing to attack the sufficiency of the affidavit for the search warrant. Appellant argued that the affidavit was based on unsubstantiated anonymous tips that were not corroborated by any other evidence.

{¶6}     Pursuant to an Opinion filed on June 27, 2012 in *State v. Long*, 5th Dist. Richland No.  11CA95, 2012 -Ohio- 3091, this Court affirmed the judgment of the trial court.

{¶7}     Previously, while his appeal was pending, appellant, on February 28, 2012, had filed a Motion to Sustain Due Process Rights. Appellant, in his motion, requested that the trial court "grant a hearing suppressing all evidence from the unreasonable search and seizure of his home and property."  Appellant, in a motion filed on March 22, 2012, asked that a hearing be set on his Motion to Suppress.  The trial court, pursuant to a Judgment Entry filed on April 24, 2012, denied appellant's request for a hearing, noting that it had ruled on appellant's Motion to Suppress on March 21, 2012 and that, therefore, appellant was not entitled to a hearing on such motion.

{¶8}     Appellant, on January 28, 2013, filed another Motion to Sustain Due Process Rights, arguing that the trial court had failed to do its job and file entries documenting its decision on hearings.  Appellant, in his motion, requested that the trial court reconsider the suppression issue previously decided.  As memorialized in a Judgment Entry filed on February 4, 2013, the trial court overruled appellant's January 28, 2013 motion.

{¶9}     On February 8, 2012, appellant filed a Motion to Sustain Due Process Rights. On February 28, 2013, appellant filed a Motion to Grant a Year Old Motion to Sustain Due Process Rights.  Pursuant to a Judgment Entry filed on March 5, 2013, the trial court overruled appellant's February 8, 2013 motion on the basis of res judicata.

{¶10}   Thereafter, after filing numerous other motions, appellant, on July 17, 2013, filed a "Motion to Grant the February 28, 2012 Motion to Sustain Due Process Rights."   Via a Judgment Entry filed on July 24, 2013, the trial court   stated, in relevant part as follows: "Defendant's motion to sustain was overruled on March 5, 2013 and therefore the Motion to Grant is moot."

{¶11}   Appellant now appeals from the trial court's July 24, 2013 Judgment Entry, raising the following assignments of error on appeal:

{¶12}   1. TRIAL COURT ERRED WHEN IT ISSUED THIS 2013 JULY 24TH JUDGMENT ENTRY STATING APPELLANTS (SIC) 2012 FEB. 28TH PETITION WAS OVERRULED ON 2013 MAR 5TH WHEN THE 2013 MARCH 5TH ENTRY OVERRULED A 2013 FEB 8TH "CLEARLY STATED" 2013 FEB 8TH PETITION.

{¶13}   2. TRIAL COURT DENIAL OF FEDERAL CONSTITUTIONAL RIGHTS.

{¶14}   3. TRIAL COURT VIOLATED APPELLANTS (SIC) RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 & 14 OF THE OHIO CONSTITUTION WHEN IT ALLOWED THE USE OF EVIDENCE WHICH WAS OBTAINED AS A RESULT OF AN INVALID SEARCH WARRANT.

{¶15}   4. PLEA AGREEMENT BETWEEN PROSECUTOR, APPELLANT & COUNSEL (WAS) NOT HONORED.

{¶16}   5. TRIAL COURT CONVICTED APPELLANT OF WEAPONS UNDER DISABILITY FOR A GUN THAT WAS NOT OPERABLE.

ASSIGNMENTS 1-5

{¶17}  While appellant raises numerous issues on appeal, the only Judgment Entry appealed from was the trial court's July 24, 2013 Judgment Entry. As is stated above, such entry held that appellant's Motion to Grant the February 28, 2012 Motion to Sustain Due Process Rights was moot because appellant's Motion to Sustain was overruled on March 5, 2013.

{¶18}  It appears that the trial court's March 5, 2013 overruled appellant's February 8, 2013 Motion to Sustain Due Process Rights rather than his February 28, 2012 Motion to Sustain Due Process Rights. However, assuming that appellant is correct and that the trial court never actually ruled on his February 28, 2012 motion, when a trial court fails to rule upon a motion, it will be presumed that it was overruled." *Georgeoff v. O'Brien* , 105 Ohio App.3d 373, 378, 663 N.E.2d 1348 (1995).  We note that appellant has filed at least three Motions to Sustain Due Process Rights, all raising similar issues, along with numerous other motions.

{¶19}  Moreover, while appellant argues the trial court never ruled on his Motion to Suppress, this Court, in our previous Opinion, stated that the trial court had overruled appellant's Motion to Suppress and also found that the search warrant was proper. Furthermore, the transcript of the June 17, 2011 suppression hearing clearly provides that the trial court overruled appellant's Motion to Suppress.

{¶20}  Finally, while appellant raises a number of other claims in his appeal, we find that such claims are barred by the doctrine of res judicata. Appellant had a prior opportunity to litigate the claims he now sets forth in the instant appeal in his direct appeal. Such claims, therefore, are barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the

doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.*

{¶21}   Appellant's five assignment of error are, therefore, overruled.

{¶22}   Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.