[Cite as *State v. Long*, 2016-Ohio-671.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 15CA93 |
| GUY A. LONG | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Criminal appeal from the Richland County
                               Court of Common Pleas, Case No.
                               2011CR147

JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        February 22, 2016

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DANIEL M. ROGERS                      GUY A. LONG  PRO SE
Assistant Prosecutor                  #604650
38 S. Park Street                     Richland Correctional Institution
Mansfield, OH 44902                   Box 8107
                                      1001 Olivesburg Road
                                      Mansfield, OH  44905

*Gwin, J.*

{¶1}    Appellant appeals the October 19, 2015 judgment entry of the Richland County Court of Common Pleas overruling his motion to withdraw plea.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    On March 11, 2011, the Richland County Grand Jury indicted appellant Guy A. Long, Sr., on two counts of possession of drugs in violation of R.C. 2925.11, one count of having a weapon under disability in violation of R.C. 2923.13, two counts of receiving stolen property in violation of R.C. 2913.51, and one count of safecracking in violation of R.C. 2911.31.  These charges arose from a search of appellant's residence pursuant to a no-knock search warrant.  Subsequently, appellant was charged with one count of aiding and abetting tampering with evidence in violation of R.C. 2921.12.

{¶3}    On May 18, 2011, appellant filed a motion to suppress, challenging the search warrant.  A hearing was held on June 17, 2011.  The trial court denied the motion.  On September 13, 2011, appellant pled no contest to all the counts except for one of the receiving stolen property counts, which was dismissed.  By sentencing entry filed the same date, the trial court sentenced appellant to an aggregate prison term of seven years.

{¶4}    Appellant filed a direct appeal and argued his trial counsel was ineffective in failing to attack the sufficiency of the affidavit for the search warrant.  Appellant argued the affidavit was based on unsubstantiated anonymous tips that were not corroborated by any other evidence.  In *State v. Long*, 5th Dist. Richland No. 11CA95, 2012-Ohio-3091, this Court affirmed the judgment of the trial court.

{¶5}   On September 25, 2012, appellant, with counsel, timely filed an application to reopen his appeal under App.R. 26(B).  Appellant, pro se, filed a second application to reopen his appeal shortly after his attorney filed the original application.  In his pro se application, appellant argued the plea bargain was not honored and the gun at issue was not operable.  This Court denied those motions.

{¶6}   On February 28, 2012, appellant filed a motion to sustain due process rights and requested the trial court grant a hearing suppressing all evidence from the unreasonable search and seizure of his home and property. The trial court denied the motion.  On March 6, 2012, appellant filed a motion to withdraw plea.  The trial court overruled his motion.  Appellant filed another motion to withdraw plea on May 23, 2012, which the trial court denied on June 12, 2012.  Appellant filed a motion for judgment ruling withdrawal of plea pursuant to Rule 32 on November 6, 2012; the trial court denied the motion on December 5, 2012.

{¶7}   On January 28, 2013, appellant filed a motion to sustain due process rights. The trial court overruled his motion on February 4, 2013.  On February 8, 2013, appellant filed a motion to sustain due process rights which the trial court denied on March 5, 2013.  On March 18, 2013, appellant filed a motion for habeas corpus and on April 5, 2013, appellant filed a motion to withdraw plea.  The trial court overruled these motions on May 9, 2013.

{¶8}   On July 17, 2013, appellant filed a motion to grant the February 28, 2012 motion to sustain due process rights.  The trial court overruled appellant's motion by judgment entry on July 24, 2013 because his motion in 2012 had already been overruled.

Appellant appealed the trial court's decision to this Court. In *State v. Long*, 5th Dist. Richland No. 13CA74, 2014-Ohio-2032, this Court affirmed the trial court's decision.

{¶9} On September 8, 2014, appellant filed a motion for breach of contract and on January 2, 2015, appellant filed a second motion for breach of contract. The trial court overruled appellant's motions on January 6, 2015. Appellant appealed the trial court's denial to this Court. In *State v. Long*, 5th District Richland No. 15CA3, 2015-Ohio-1657, we affirmed the trial court's decision.

{¶10} On June 4, 2015, appellant filed a motion for resentencing. The trial court overruled appellant's motion on June 16, 2015. On July 1, 2015, appellant filed another motion for resentencing which the trial court overruled on July 20, 2015.

{¶11} On October 9, 2015, appellant filed another motion to withdraw plea pursuant to Criminal Rule 32. Appellant sought to withdraw his plea based upon an alleged false statement provided by a police officer to the grand jury. Appellant alleged a written statement by Sergeant Carroll went to the grand jury stating drugs were found on appellant when he patted him down; however, the inventory sheet and photos show the crack cocaine was found in the basement. Appellant did not attach the written statement to the motion.

{¶12} On October 19, 2015, the trial court overruled appellant's motion to withdraw plea. The trial court found it did not have jurisdiction to rule upon any motion to withdraw plea under Criminal Rule 32 since appellant's conviction had been upheld on appeal in appellant's three previous appeals.

{¶13} Appellant appeals the October 19, 2015 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶14} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS AND WITHDRAW PLEA PURSUANT TO CRIMINAL RULE 32.1.

{¶15} "II. THE WRITTEN STATEMENT GIVEN TO THE GRAND JURY BY SGT. KEN CARROLL IS UNTRUE AND VERY MISLEADING, HAVING THE GRAND JURY WRONGFULLY INDICT DEFENDANT."

### I. & II.

{¶16} In both his first and second assignments of error, appellant argues the trial court erred in overruling his motion to withdraw plea pursuant to Criminal Rule 32.1

{¶17} "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw guilty plea subsequent to an appeal and an affirmance by an appellate court." *Special Prosecutors v. Judges, Belmont County Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9. The trial court does "retain jurisdiction over issues not inconsistent with that of the appellate court * * * such as the collateral issues" like contempt, the appointment of a receiver, and an injunction. *Id.* While Criminal Rule 32.1 "apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Id.*

{¶18} In this case, appellant's direct appeal concluded with an affirmance of the trial court's entry and appellant's conviction based upon his no contest plea. This Court further upheld appellant's conviction and sentence in two subsequent cases. Accordingly, the trial court's granting of appellant's motion to withdraw plea would be inconsistent with

this Court affirming the trial court's conviction premised upon his no contest plea.  See *State v. Fletcher*, 5th Dist. Licking No. 2009-CA-0055, 2009-Ohio-5650.  Thus, the trial court did not err in finding it was without jurisdiction to vacate appellant's plea.

{¶19}  Additionally, even if we were to consider appellant's argument, we find the trial court did not err in denying his motion to withdraw guilty plea.

{¶20}  Criminal Rule 32.1 governs the withdrawal of a guilty plea and states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶21}  The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea.  *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).  The Ohio Supreme Court has stated a post-sentence withdrawal motion is allowable only in extraordinary circumstances.  *Id.*  "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *Id.*  The "manifest injustice" standard is "aimed at cases where a defendant pleads guilty without knowing what his sentence will be, finds out that his sentence is worse than he had hoped and expected, and then seeks to vacate his plea."  *Id.*

{¶22}  We review a trial court's denial of a motion to withdraw guilty plea under an abuse of discretion standard of review.  *State v. Carabello*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).  "A motion

made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶23} In this case, we find appellant has failed to demonstrate, nor does the record reflect, a manifest injustice. Appellant failed to provide the trial court or this court with the alleged statement by Sergeant Carroll that he claims is at odds with the inventory and exhibit list. Further, though appellant alleges the statement was kept from him by the "for counsel only designation," the order designating certain pieces of evidence "for counsel only" specifically provides that defense counsel may orally communicate the contents of all the material to the defendant.

**{¶24}** Based on the foregoing, we overrule appellant's assignments of error. The October 19, 2015 judgment entry of the Richland County Court of Common Pleas is affirmed.

By Gwin, J.,

Farmer, P.J., and

Wise, J., concur