[Cite as *State v. Long*, 2016-Ohio-5882.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| GUY A. LONG | : | | Case No. 16CA35 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Richland County
                                 Court of Common Pleas, Case No.
                                 2011-CR-0147H

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                September 15, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BAMBI COUCH PAGE                          GUY A. LONG, pro se
Prosecuting Attorney                      Richland Correctional Institution
                                          Inmate #604650
By:  DANIEL M. ROGERS                     P.O. Box 8107
Assistant Prosecuting Attorney            1001 Olivesburg Road
38 S. Park Street                         Mansfield, OH 44905
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}    Appellant Guy A. Long appeals a judgment of the Richland County Common Pleas Court overruling his motion for a nunc pro tunc entry to correct his sentence. Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On March 11, 2011, the Richland County Grand Jury indicted appellant Guy A. Long, Sr., on two counts of possession of drugs in violation of R.C. 2925.11, one count of having a weapon under disability in violation of R.C. 2923.13, two counts of receiving stolen property in violation of R.C. 2913.51, and one count of safecracking in violation of R.C. 2911.31. These charges arose from a search of appellant's residence pursuant to a no-knock search warrant. Subsequently, appellant was charged with one count of aiding and abetting  tampering with evidence in violation of R.C. 2921.12.

{¶3}    On May 18, 2011, appellant filed a motion to suppress, challenging the search warrant. A hearing was held on June 17, 2011. The trial court denied the motion. On September 13, 2011, appellant pled no contest to all the counts except for one of the receiving stolen property counts, which was dismissed. By sentencing entry filed the same date, the trial court sentenced appellant to an aggregate prison term of seven years.

{¶4}    Appellant filed a direct appeal and argued his trial counsel was ineffective in failing to attack the sufficiency of the affidavit for the search warrant. Appellant argued the affidavit was based on unsubstantiated anonymous tips that were not corroborated by any other evidence. In *State v. Long*, 5th Dist. Richland No. 11CA95, 2012–Ohio–3091, this Court affirmed the judgment of the trial court.

{¶5}     On September 25, 2012, appellant, with counsel, timely filed an application to reopen his appeal under App.R. 26(B). Appellant, pro se, filed a second application to reopen his appeal shortly after his attorney filed the original application. In his pro se application, appellant argued the plea bargain was not honored and the gun at issue was not operable. This Court denied those motions.

{¶6}     On February 28, 2012, appellant filed a motion to sustain due process rights and requested the trial court grant a hearing suppressing all evidence from the unreasonable search and seizure of his home and property. The trial court denied the motion. On March 6, 2012, appellant filed a motion to withdraw plea. The trial court overruled his motion. Appellant filed another motion to withdraw plea on May 23, 2012, which the trial court denied on June 12, 2012. Appellant filed a motion for judgment ruling withdrawal of plea pursuant to Rule 32 on November 6, 2012; the trial court denied the motion on December 5, 2012.

{¶7}     On January 28, 2013, appellant filed a motion to sustain due process rights. The trial court overruled his motion on February 4, 2013. On February 8, 2013, appellant filed a motion to sustain due process rights which the trial court denied on March 5, 2013. On March 18, 2013, appellant filed a motion for habeas corpus and on April 5, 2013, appellant filed a motion to withdraw plea. The trial court overruled these motions on May 9, 2013.

{¶8}     On July 17, 2013, appellant filed a motion to grant the February 28, 2012 motion to sustain due process rights. The trial court overruled appellant's motion by judgment entry on July 24, 2013 because his motion in 2012 had already been overruled.

Appellant appealed the trial court's decision to this Court. In *State v. Long*, 5th Dist. Richland No. 13CA74, 2014–Ohio–2032, this Court affirmed the trial court's decision.

{¶9}  On September 8, 2014, appellant filed a motion for breach of contract and on January 2, 2015, appellant filed a second motion for breach of contract. The trial court overruled appellant's motions on January 6, 2015. Appellant appealed the trial court's denial to this Court. In *State v. Long*, 5th District Richland No. 15CA3, 2015–Ohio–1657, we affirmed the trial court's decision.

{¶10}  On June 4, 2015, appellant filed a motion for resentencing. The trial court overruled appellant's motion on June 16, 2015. On July 1, 2015, appellant filed another motion for resentencing which the trial court overruled on July 20, 2015.

{¶11}  On October 9, 2015, appellant filed another motion to withdraw plea pursuant to Criminal Rule 32. Appellant sought to withdraw his plea based upon an alleged false statement provided by a police officer to the grand jury. Appellant alleged a written statement by Sergeant Carroll went to the grand jury stating drugs were found on appellant when he patted him down; however, the inventory sheet and photos show the crack cocaine was found in the basement. Appellant did not attach the written statement to the motion.

{¶12}  On October 19, 2015, the trial court overruled appellant's motion to withdraw plea. The trial court found it did not have jurisdiction to rule upon any motion to withdraw plea under Criminal Rule 32 since appellant's conviction had been upheld on appeal in appellant's three previous appeals.  Appellant appealed to this Court, and we affirmed the judgment of the trial court.  *State v. Long*, 5th Dist. Richland No. 15CA93, 2016-Ohio-671.

{¶13} While the appeal was pending, appellant filed a motion for judicial release on February 18, 2016. He filed a second motion for judicial release on March 24, 2016, and a motion to supplement judicial release on March 28, 2016. The trial court overruled the motion on April 5, 2016, finding that appellant was not eligible for judicial release because his sentence was mandatory. He filed a motion to reconsider on April 18, 2016, and a second motion for judicial release on April 22, 2016.

{¶14} On May 9, 2016, appellant filed a "motion for nunc pro tunc to correct judgment," asking the trial court to issue a new sentencing entry stating that appellant's prison sentence was not mandatory. The court overruled the motion, finding that the sentence was mandatory pursuant to R.C. 2925.11(C)(4)(3), and finding that appellant was notified of the mandatory nature of his sentence multiple times. Appellant appeals, assigning two errors:

{¶15} "I. ERROR IN SENTENCING TRANSCRIT [SIC] AND SENTENCING JUDGMENT ENTRY.

{¶16} "II. INEFFECTIVE ASSISTANCE OF APPEAL COUNSEL."

I.

{¶17} Appellant argues that the trial court did not impose a mandatory prison sentence on the record, and the transcript reflects that he should be eligible for judicial release after five years.

{¶18} Appellant was convicted of possession of cocaine in an amount greater than 27 grams, which is a first degree felony. Pursuant to R.C. 2925.11(C)(4)(e), "the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree." Accordingly, the "Admission of Guilt/Judgment Entry" signed by

appellant on September 12, 2011, states that he understands that the maximum sentence is a basic prison term of 22 ½ years of which 1, 2, 3, 4, 5, 6, 7, 8, 9 or 10 years is mandatory, and that he is not eligible for judicial release during the period of mandatory imprisonment. The form further stated that the State was recommending a sentence of seven years, and the judgment entry states that the sentence is seven years mandatory.

{¶19} Appellant argues that the transcript reflects that the trial court informed him he was eligible for judicial release after five years. There was discussion between the judge and the attorneys concerning his eligibility for judicial release after five years due to an upcoming change in the law. The prosecutor noted that whatever time appellant received on Count 1 was mandatory. The trial judge stated that there were some changes in the law, and the prosecutor stated that when the law changes, it may be different. The judge noted that the "best scenario" under the law is eligibility in five years. Tr. 45. The trial court did not inform appellant that only five years of his sentence would be mandatory, he only suggested that based on an upcoming change in the law there was a possibility that he might eligible for judicial release after five years.[1] Further, the plea form signed by appellant clearly states that he is not eligible for judicial release during the period of mandatory imprisonment, and the judgment of conviction and sentence sets forth a term of seven years mandatory imprisonment.

{¶20} The court did not err in overruling appellant's motion to correct the sentencing entry.

{¶21} The first assignment of error is overruled.

---

[1] Following the changes to the judicial release statute discussed on the record in the instant case, the Ohio Supreme Court held that a prisoner cannot apply for judicial release until after the expiration of all mandatory prison terms in the stated prison sentence. *State v. Ware,* 141 Ohio St. 3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶11.

II.

{¶22} In his second assignment of error, appellant argues that his appellate counsel in his third appeal was ineffective. This claim should have been raised by a timely motion to reopen the appeal in that case, and is not properly before this Court at this time.

{¶23} The second assignment of error is overruled.

{¶24} The judgment of the Richland County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, J. and

Delaney, J. concur.