[Cite as *State v. Long*, 2017-Ohio-2848.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17CA15 |
| GUY A. LONG | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal appeal from the Richland County
                             Court of Common Pleas, Case No. 11-CR-
                             147R


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      May 17, 2017

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant
RICHLAND COUNTY PROSECUTOR            GUY A. LONG, SR.
38 South Park St.                     #604650
Mansfield, OH 44902                   Box 8107
                                      Mansfield, OH 44901

*Gwin, P.J.*

{¶1}    Appellant, Guy Alexander Long ["Long"] appeals the February 10, 2017 Judgment Entry of the Richland County Court of Common Pleas overruling his motion to withdraw his no contest plea.

*Facts and Procedural History*

{¶2}    On March 11, 2011, the Richland County Grand Jury indicted Long, on two counts of possession of drugs in violation of R.C. 2925.11, one count of having a weapon under disability in violation of R.C. 2923.13, two counts of receiving stolen property in violation of R.C. 2913.51, and one count of safecracking in violation of R.C. 2911.13. Said charges arose from a search of Long's residence pursuant to a no-knock search warrant. Subsequently, Long was charged with one count of aiding and abetting tampering with evidence in violation of R.C. 2921.12. See, *State v. Long*, 5th Dist. Richland No. 11CA95, 2012–Ohio–3091. [Hereinafter "*Long I*"].

{¶3}    On May 18, 2011, Long filed a motion to suppress, challenging the search warrant. A hearing was held on June 17, 2011. The trial court denied the motion. *Long I,* ¶ 2.

{¶4}    On September 13, 2011, Long pled no contest to all the counts except for one of the receiving stolen property counts, which was dismissed. By sentencing entry filed the same date, the trial court sentenced Long to an aggregate term of seven years in prison. *Long I,* ¶ 3.

{¶5}    For the procedural history of Long's case see our most recent decision, *State v. Long*, 5th Dist. Richland No. 16CA35, 2016-Ohio-5882 [*"Long V"*].

{¶6} Subsequent to our decision in *Long V,* Long filed a motion to withdraw his no contest plea with the trial court on February 2, 2017. The trial court overruled the motion by Judgment Entry filed February 10, 2017.

*Assignments of Error*

{¶7} "I. TRIAL COURT ERRED WHEN IT RULED THAT IT DOESN'T HAVE JURISDICTION TO RULE UPON "ANY" MOTION TO WITHDRAW PLEA UNDER RULE 32.1.

{¶8} "II. TRIAL COURT ERRED WHEN IT RULED THE COURT FOUND THE DEFINITION OF "COCAINE" TO BE SPECIFIC AND THAT THE DEFINITION EXCLUDES ANY FILLERS UNDER R.C. 2929.11(C)(4).

{¶9} "III. THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF 31.8 GRAMS OF CRACK COCAINE WHEN THERE WAS NO SUFFICIENT, COMPETENT EVIDENCE IDENTIFYING THE DISPUTED SUBSTANCE AS "COCAINE" AS DEFINED BY R.C. 2925.01(X)."

*Pro se Appellants*

{¶10} We understand that Long has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶11} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in Appellant's brief that are outside of the record.

{¶12} In the interests of justice, we shall attempt to consider Long's assignments of error.

## II. & III.

{¶13} For ease of discussion, we shall address Long's assignments of error out of sequence.

{¶14} After reviewing Long's brief including his contentions, we have interpreted Long's second assignment of error in the following manner: whether the state, in prosecuting cocaine offenses involving mixed substances, must prove that the weight of the cocaine meets the statutory requirements, excluding any fillers?

**{¶15}** After reviewing Long's brief including his contentions, we have interpreted Long's third assignment of error in the following manner: the state did not prove that the disputed substance was cocaine with sufficient and competent evidence.

**{¶16}** We find that the issues in his present appeal of the February 10, 2017 denial of his motion to withdraw his guilty plea filed February 2, 2017 are prohibited by the doctrine of *res judicata*. Where a defendant files a post-conviction motion to withdraw and fails to raise an issue that could have been raised, the defendant is precluded from raising the issue in a subsequent motion to withdraw. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996), *reaffirming State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). *See State v. Jackson*, 11th Dist. Trumbull No. 98-T-0182, 2000 WL 522440(Mar. 31, 2000). Indeed, numerous courts have applied the doctrine of *res judicata* to successive motions to withdraw a guilty plea. *See State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421 (determining that a Crim.R. 32.1 motion will be denied when it asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion); *State v. McLeod*, 5th Dist. Tuscarawas No. 2004 AP 03 0017, 2004-Ohio-6199 (holding *res judicata* barred current challenge to a denial of a motion to withdraw because the issues could have been raised in a defendant's initial motion to withdraw); *State v. Vincent*, 4th Dist. Ross No. 03CA2713, 2003-Ohio-3998 (finding *res judicata* barred defendant from raising issues that could have been raised in a prior motion for new trial or Crim.R. 32.1 motion); *State v. Reynolds*, 3rd Dist. Putnam No. 12-01-11, 2002-Ohio 2823 (finding that the doctrine of *res judicata* applies to successive motions filed under Crim.R. 32 .1). As succinctly stated in *State v. Kent*, 4th Dist. Jackson No. 02CA21, 2003-Ohio-6156, "*Res judicata* applies to bar raising piecemeal claims in

successive post-conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post-conviction relief petition or motion to withdraw a guilty plea." *Accord*, *State v. Fryer*, 5th Dist. Perry No. 15-CA-00013, 2015-Ohio-4573, 48 N.E.3d 962, ¶38; *State v. Gallegos-Martines,* 5th Dist. Delaware No. 10-CAA-06-0043, 2010-Ohio-6463, ¶12; *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 17.

**{¶17}** Long could have, but did not, raise these issues in his direct appeal or in any of his subsequent appeals. *Res judicata* also implicitly prohibits a petitioner from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362(12th Dist. 1995). This means that the evidence relied upon must not be evidence that was in existence or available for use at the time of trial or direct appeal, and finally, cannot be merely cumulative of the evidence already presented. *Id.* at 315.

**{¶18}** Long's arguments do not raise any issues that are dependent upon evidence outside the record. These matters raised cannot be considered newly discovered evidence for they were in the trial court record.

**{¶19}** Accordingly, Long's second and third assignments of error are overruled.

I.

**{¶20}** After reviewing Long's brief including his contentions, we have interpreted Appellant's first assignment of error in the following manner: Does the trial court have jurisdiction to rule upon a motion to withdraw a plea when that conviction has been upheld by the Court of Appeals?

**{¶21}** "[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." *State ex rel. Peeples v. Anderson* 73 Ohio St.3d 559, 560, 653 N.E.2d 371, 373(1995); *State ex rel. Cassels v. Dayton City School Dist. Bd. Of Edn.*, 69 Ohio St.3d 217, 222, 631 N.E.2d 150(1998). *Accord, State ex rel. v. McGinty v. Cleveland City School Dist. Bd. Of Edn.*, 81 Ohio 283, 290, 1998-Ohio-471, 690 N.E.2d 1273(1998).

**{¶22}** Because Long's claims are properly barred by *res judicata* the trial court's judgment overruling Long's successive motion to withdraw his no contest plea was correct. Accordingly, regardless of the trial court's reasoning Long cannot demonstrate prejudice from the trial court's ruling.

**{¶23}** Long's first assignment of error is overruled.

**{¶24}** The judgment of the Richland County Common Pleas Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur