[Cite as *State v. Workman*, 2024-Ohio-921.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CHARLES WORKMAN, | : | Case No. CT2023-0058 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Muskingum County
                                    Court of Common Pleas, Case No.
                                    CR2023-0009


JUDGMENT:                           Reversed and Remanded


DATE OF JUDGMENT:                   March 12, 2024


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

RONALD L. WELCH                     CHRISTOPHER BAZELEY
Prosecuting Attorney                9200 Montgomery Rd, Suite 8A
Muskingum County, Ohio              Cincinnati, Ohio 45242


By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

**{¶1}** The appellant, Charles Workman, Jr., appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On January 11, 2023, the appellant was indicted on one count of Improper Handling of a Firearm in a Vehicle in violation of R.C. § 2923.16, two counts of Having a Weapon Under a Disability in violation of R.C. §2923.13, two counts of Carrying a Concealed Weapon in violation of R.C. §2923.12, and two counts of Operating a Vehicle Under Intoxication in violation of R.C. §4511.19.

**{¶3}** On February 21, 2023, the appellant filed a Motion to Suppress.

**{¶4}** On February 24, 2023, the trial court held a hearing on the appellant's Motion to Suppress. At the close of the hearing, the trial court denied the appellant's Motion to Suppress.

**{¶5}** On February 27, 2023, the appellant filed a Motion for Finding of Facts and Conclusions of Law regarding the trial court's denial of the appellant's Motion to Suppress. The trial court did not rule on this motion.

**{¶6}** On May 3, 2023, the appellant withdrew his not guilty plea and entered a no-contest plea.

**{¶7}** The appellant timely filed a notice of appeal and raised the following two assignments of error:

**{¶8}** "I. THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE WORKMAN'S COVICTIONS [sic] FOR IMPROPERLY HANDLING A FIREARM AND CARRYING A CONCEALED WEAPON AT SENTENCING."

**{¶9}** "II. THE TRIAL COURT ERRED WHEN IT OVERRULED WORKMAN'S MOTION TO SUPPRESS."

**I.**

**{¶10}** The appellant argues that the trial court erred when it failed to merge convictions for improperly handling a firearm and carrying a concealed weapon. We agree.

### STANDARD OF REVIEW

**{¶11}** Appellate review of an allied-offense question is de novo. *State v. Miku*, 5th Dist. Stark No. 2017 CA 00057, 111 N.E.3d 558, 2018-Ohio-1584, ¶70, appeal not allowed, 154 Ohio St.3d 1479, 2019-Ohio-173, 114 N.E.3d 1207 (2019), quoting *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶12.

### ANALYSIS

**{¶12}** R.C. ¶2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶13} The application of R.C. §2941.25 requires a review of the subjective facts of the case in addition to the elements of the offense charged. *State v. Hughes*, 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880, ¶21. In the plurality opinion, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The Court directed us to look at the elements of the offenses in question and determine "whether it is possible to commit one offense and the other with the same conduct." (Emphasis sic). *Id.* at ¶48. If the answer to such question is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct." *Id.* at ¶49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶50. If, however, the court determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id.* at ¶51.

{¶14} Johnson's rationale has been described by the Court as "incomplete." *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶11. The Supreme Court of Ohio has further instructed us to ask three questions when a defendant's conduct supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or

motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶31.

{¶15} In the case *sub judice*, the appellee concedes that the trial court erred by failing to merge the appellant's convictions for improper handling of a firearm and carrying a concealed weapon. We agree with the appellant and the State that the convictions for improperly handling of a firearm and carrying a concealed weapon in this case must merge.

{¶16} Accordingly, the appellant's first Assignment of Error is sustained.

## II.

{¶17} The appellant argues that the trial court erred when it overruled the appellant's motion to suppress without providing findings of facts. We agree.

## STANDARD OF REVIEW

{¶18} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State*

*v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

**{¶19}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue to the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).

**ANALYSIS**

**{¶20}** In the case *sub judice*, the trial court overruled the appellant's motion to suppress orally after the hearing. The trial court was not clear on its findings of fact in relation to the appellant's argument to suppress. Three days later, the appellant filed a motion asking the court to issue findings of fact and conclusions of law. The trial court never ruled on the motion and never issued any findings of fact or conclusions of law. "[W]hen a trial court fails to rule upon a motion, it will be presumed that it was overruled." *State v. Long*, 5th Dist. Richland No. 13CA74, 2014-Ohio-2032, ¶18. Crim.R. 12(F) states,

in pertinent part, "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Upon review of the record, we find the trial court did not make adequate findings of fact at the hearing with respect to Appellant's Motion to Suppress. The trial court also failed, upon motion by the appellant, to issue its findings of fact after the hearing. Therefore, we find the record is insufficient to allow this court to review the trial court's decision to deny the appellant's motion to suppress.

{¶21}  Appellant's second Assignment of Error is sustained.

## CONCLUSION

{¶22} The judgment of the Muskingum County Court of Common Pleas is reversed. This cause is remanded to that court with instructions to state findings of fact on the record in the relation to the motion to suppress. In addition, the sentences are vacated. In the event that there is no further appeal following the court stating findings of fact related to the motion to suppress, the court is instructed to re-sentence in accordance with this opinion.

By: Baldwin, J.

Hoffman, P.J. and

King, J. concur.