[Cite as *State v. Watkins*, 2016-Ohio-780.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-694 |
| v. | : | (C.P.C. No. 00CR09-5294) |
| Ryan A. Watkins, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 1, 2016

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Ryan A. Watkins*, pro se.

APPEAL from Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Ryan A. Watkins, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for resentencing. For the following reasons, we reverse that judgment and remand the matter to the trial court for a limited resentencing to properly impose post-release control.

I. **Factual and Procedural Background**

{¶ 2} In 2000, appellant was indicted for counts of aggravated murder, aggravated robbery, felonious assault, and having a weapon while under disability. A jury found appellant not guilty of aggravated murder, but guilty of the lesser included offense of murder. The jury also found appellant guilty of aggravated robbery and felonious assault and the trial court found appellant guilty of the having a weapon while under disability count. As a result, the trial court sentenced appellant to a prison term of fifteen years to life for the murder conviction as well as consecutive prison terms of eight and

seven years, respectively, for the aggravated robbery and felonious assault convictions.[1] This court affirmed appellant's convictions. *State v. Watkins*, 10th Dist. No. 01AP-1376, 2002-Ohio-5080.

{¶ 3} In 2015, appellant filed a motion for resentencing in which he claimed that the trial court failed to properly notify him of post-release control at his sentencing hearing. The trial court denied his motion, concluding that there was no need to notify appellant of post-release control because he had been convicted of murder, an unclassified felony, for which post-release control does not apply.

## II. Appellant's Appeal

{¶ 4} Appellant appeals and assigns the following error:

> The trial court erred when it denied appellant's motion for sentencing, where it showed that a mandatory term of post-release control had not been imposed.

{¶ 5} The trial court correctly noted that appellant was convicted of murder, an unclassified felony for which post-release control does not apply. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 36 (parole, not post-release control, applicable to unclassified felonies). Appellant was also convicted of first and second degree felonies, however, for which mandatory post-release control does apply. R.C. 2967.28(B). In appellant's assignment of error, he argues that the trial court failed to notify him of post-release control periods applicable to his first and second degree felony convictions and that he was entitled to such notification regardless of his conviction for an unclassified felony.[2] We agree.

{¶ 6} In *State v. Cockroft*, 10th Dist. No. 13AP-532, 2014-Ohio-1644, this court dealt with the same issue. Cockroft had been convicted of both unclassified and classified felonies and was not notified of the post-release control periods applicable to his classified felony convictions. He argued for a new sentencing hearing to receive proper notification of post-release control for his classified felony convictions. We agreed, concluding that " '[w]hen a defendant has been convicted of both an offense that carries mandatory post-

---

[1] The trial court also sentenced appellant to a concurrent 12-month prison term for the weapon while under disability conviction as well as a three-year consecutive prison term for a firearm specification.

[2] At sentencing, the trial court only notified appellant of the availability of parole.

release control and an unclassified felony to which post-release control is inapplicable, the trial court's duty to notify of post-release control is not negated.' " *Id.* at ¶ 22, quoting *State v. Wilcox*, 10th Dist. No. 13AP-402, 2013-Ohio-4347, ¶ 10. As futile as the state argues this would be, we nevertheless remanded the matter to the trial court for a limited resentencing to properly impose post-release control. *Id.* at ¶ 23.

{¶ 7} In light of our decision in *Cockroft*, we sustain appellant's assignment of error, and reverse the judgment of the Franklin County Court of Common Pleas. Accordingly, we remand this case to the trial court for a limited resentencing to properly impose post-release control.

*Judgment reversed;*
*cause remanded with instructions.*

BRUNNER and HORTON, JJ., concur.