[Cite as *State v. Hawkins*, 2018-Ohio-5251.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                          :

      Plaintiff-Appellee,              :

                                         No. 18AP-126
v.                                      :      (C.P.C. No. 96CR-2229)

Leon Hawkins,                           :      (ACCELERATED CALENDAR)

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on December 27, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Leon Hawkins*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Defendant-appellant, Leon Hawkins, appeals the January 30, 2018 judgment entry of the Franklin County Court of Common Pleas denying his motion to resentence.  For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}  Appellant has been before the trial court and this court on numerous prior occasions.  *See State v. Hawkins*, 10th Dist. No. 97APA06-740 (Mar. 24, 1998) (affirming appellant's convictions on direct appeal); *State v. Hawkins*, 10th Dist. No. 09AP-973 (Dec. 2, 2009 Journal Entry of Dismissal) (dismissing appellant's appeal as the trial court had not yet ruled on appellant's motion for new trial); *State v. Hawkins*, 10th Dist. No. 12AP-164 (Sept. 27, 2012) (memorandum decision) (affirming trial court's denial of a postconviction).

{¶ 3} On December 1, 2017, appellant, pro se, filed a motion for resentencing. Plaintiff-appellee, State of Ohio, opposed the same. On January 30, 2018, the trial court denied appellant's motion noting it lacked authority to modify the sentence it "validly imposed on or about May 9, 1997, noting that the sentence imposed was not a nullity or void, and that it did not include any clerical errors in need of correction."

## II. Assignment of Error

{¶ 4} Appellant appeals and assigns the following single assignment of error for our review:

> The trial court erred when it denied appellant's motion for resentencing, where it clearly showed that a mandatory term of post release control had not been imposed.

## III. Analysis

{¶ 5} Appellant argues the trial court failed to impose a mandatory term of postrelease control when he was originally sentenced on March 6, 1997. Appellant states that he was convicted of unclassified felonies, to which postrelease control does not apply, as well as felonies which require mandatory imposition of postrelease control. According to appellant, the trial court was required to notify him of the mandatory postrelease control. In support, he points to our decisions in *State v. Cockroft*, 10th Dist. No. 13AP-532, 2014-Ohio-1644, ¶ 5-6, and *State v. Watkins*, 10th Dist. No. 15AP-694, 2016-Ohio-780, ¶ 22. In *Cockroft* and *Watkins*, this court held that where a defendant is convicted of both an offense that carries mandatory postrelease control and an unclassified felony to which postrelease control is inapplicable, the trial court's duty to notify a defendant of postrelease control is not negated.

{¶ 6} The state argues appellant's reliance on *Cockroft* and *Watkins* is misplaced as the offenses in those cases occurred after July 1, 1996, the effective date of Am.Sub.S.B. No. 2 ("S.B. 2"), whereas appellant committed his offenses prior to July 1, 1996. Therefore, according to the state, postrelease control advisements were not in existence at the time appellant committed the offenses and the trial court did not err by not advising of the same. In support, the state points to *State v. Gavin*, 8th Dist. No. 90017, 2008-Ohio-2042, ¶ 11.

{¶ 7} We agree with the state. Appellant was convicted of crimes which occurred on or about April 3, 1996. The crimes included two counts of aggravated murder with death penalty specifications, one count of attempted aggravated murder, one count of aggravated

burglary, and one count of aggravated robbery, each of the latter three counts carrying firearm specifications.

{¶ 8} Regarding appellant's conviction for two counts of aggravated murder, the Supreme Court of Ohio has held that "an individual sentenced for aggravated murder * * * is not subject to postrelease-control, because that crime is an unclassified felony to which the postrelease control statute does not apply." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 36. Accordingly, appellant herein was not subject to postrelease control on his two counts of aggravated murder.

{¶ 9} Regarding appellant's conviction for one count of attempted aggravated murder, one count of aggravated burglary, and one count of aggravated robbery, the Supreme Court has held the "amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996," the effective date of that legislation. *State v. Rush*, 83 Ohio St.3d 53 (1998), paragraph two of the syllabus. This court has held that postrelease control was incorporated into Ohio law with the enactment of S.B. 2 and "[b]ecause [postrelease control conditions] did not exist under pre-S.B. 2 sentencing laws, they should not [be] imposed [on a defendant who committed his crimes before the effective date of S.B. 2]." *State v. Bailey*, 10th Dist. No. 97APA06-754 (May 18, 1999). Accordingly, appellant herein was also not subject to postrelease control on any of the counts because his offenses were committed prior to July 1, 1996, the effective date of S.B. 2, when postrelease control was enacted.

{¶ 10} Therefore, we overrule appellant's assignment of error.

## IV. Conclusion

{¶ 11} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas denying appellant's motion for resentencing.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

————————————