[Cite as *State v. Hawkins*, 2019-Ohio-562.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-600 |
| v. | : | (C.P.C. No. 96CR-2229) |
| Leon Hawkins, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 14, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Leon Hawkins*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Leon Hawkins, appeals the July 17, 2018 judgment entry of the Franklin County Court of Common Pleas denying his motion for resentencing. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Appellant has been before the trial court and this court on numerous prior occasions. *See State v. Hawkins*, 10th Dist. No. 97APA06-740 (Mar. 27, 1998) (affirming appellant's convictions on direct appeal); *State v. Hawkins*, 10th Dist. No. 09AP-973 (Dec. 2, 2009) (Journal Entry of Dismissal) (dismissing appellant's appeal as trial court had not yet ruled on appellant's motion for new trial); *State v. Hawkins*, 10th Dist. No. 12AP-164 (Sept. 27, 2012) (memorandum decision) (affirming trial court's denial of a

postconviction motion); and *State v. Hawkins*, 10th Dist. No. 18AP-126, 2018-Ohio-5251 (affirming trial court's denial of appellant's motion to resentence).

{¶ 3}  On May 21, 2018, appellant, pro se, filed another motion for resentencing. Plaintiff-appellee, State of Ohio, opposed the same.  On July 17, 2018, the trial court denied appellant's motion noting that "[d]efendant did not receive a void or partially void judgment, and is not entitled to a resentencing hearing."

## II. Assignment of Error

{¶ 4}  Appellant appeals and assigns the following single assignment of error for our review:

> The Trial court erred by denying Appellant's motion to set aside his conviction and sentence because the sentencing journal entries were void and violated his constitutional rights to due process and protection against double jeopardy.

## III. Analysis

{¶ 5}  Appellant argues that, although, at the sentencing hearing, the trial court merged Count 1, aggravated murder, and Count 2, aggravated murder, the trial court did not merge the offenses in the judgment entry.  Rather, according to appellant, the trial court sentenced appellant on both Counts 1 and 2 in its sentence entry.  Appellant argues the sentence, therefore, is contrary to R.C. 2941.25(A), and should be remanded to the trial court in light of *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658.  Appellant points to the following holding from *Williams*:

> A court only has authority to impose a sentence that conforms to law, and R.C. 2941.25 prohibits the imposition of multiple sentences for allied offenses of similar import. Thus, when a sentencing court concludes that an offender has been found guilty of two or more offenses that are allied offenses of similar import, in conformity with *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, it should permit the state to select the allied offense to proceed on for purposes of imposing sentence and it should impose sentence for only that offense. Accordingly, imposing separate sentences for allied offenses of similar import is contrary to law and such sentences are void. Therefore, res judicata does not preclude a court from correcting those sentences after a direct appeal.

*Id.* at ¶ 2.

{¶ 6}   The state argues a complete reading of the sentencing entry indicates appellant was only sentenced on Counts 1, 3, 4, and 5.  In the alternative, the state argues even if this court were to determine the trial court erred, the remedy would not be to resentence appellant.  Rather, the state suggests, pursuant to *Williams*, the remedy would be to modify the judgment to vacate the sentence on Count 2 and leave the remaining counts undisturbed.  The state points to *Williams*:

> The judgment of conviction in this case states the trial court's finding that the two counts of aggravated murder and one count of murder of which Williams was convicted are allied offenses of similar import, and the concurrent sentences it imposed for those offenses are therefore contrary to law. But there is no need to remand for resentencing, because at the sentencing hearing, the state elected to have Williams sentenced for aggravated murder as charged in Count three, and the trial court had no discretion to impose separate sentences for Counts one and two.
>
> Accordingly, we modify the judgment of the court of appeals to vacate the sentences imposed for murder in Count one and aggravated murder in Count two, which the trial court found subject to merger. The remaining convictions and sentences, including the sentence of life with the possibility of parole after 30 years imposed for aggravated murder in Count three, are not affected by our ruling today.

*Id.* at ¶ 32-33.

{¶ 7}   The judgment entry in this case, filed May 9, 1997, states:

> The Court has considered all matters required by section 2929.12 and 2951.02 of the Ohio Revised Code, and it is the sentence of the Court that the Defendant pay the costs of this prosecution and serve **LIFE WITH THIRTY (30) FULL YEARS BEFORE PAROLE ELIBIGILITY plus THREE (3) ACTUAL INCARCERATION for the firearm specification as to Count One: LIFE WITH THIRTY (30) FULL YEARS BEFORE PAROLE ELIGIBILITY plus THREE (3) ACTUAL INCARCERATION for the firearm specification as to Count Two; *Counts One and Two to* merge *for purposes of sentencing; the State elects to have the Defendant sentenced as to Count One;* SEVEN (7) to TWENTY FIVE (25) YEARS plus THREE (3) YEARS ACTUAL INCARCERATION for the gun specification as to Count Three; TEN (10)**

> **to TWENTY FIVE (25) YEARS plus THREE (3) YEARS ACTUAL INCARCERATION for the gun specification as to Counts Four and Five at the Ohio Department of Rehabilitation and Correction.** The three (3) years actual incarceration for the gun specification on Counts One, Three, Four and Five are to merge into one three year actual incarceration for purposes of the sentence in this case. Counts One, Three and Four are to run **CONSECUTIVE** with each other. Count Five is to run **CONCURRENT** with all other counts.

(Emphasis added.) (Judgment Entry at 2.)

{¶ 8} The state points out that this entry is inartfully stated. However, a complete reading of the entry reveals the trial court only sentenced appellant on Count 1 and not on Count 2. This conclusion is based on: (1) the statement in the entry that "Counts One and Two to merge for purposes of sentencing; the State elects to have the Defendant sentenced as to Count One"; and (2) the latter references in the entry to the merger of the three years of actual incarceration for the gun specifications only as to Counts 1, 3, 4, and 5.

{¶ 9} Therefore, we overrule appellant's assignment of error.

## IV. Conclusion

{¶ 10} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas denying appellant's motion for resentencing.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

————————————