[Cite as *State v. Hawkins*, 2021-Ohio-4328.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 21AP-132 |
| | | (C.P.C. No. 96CR-2229) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Leon Hawkins, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 9, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Leon Hawkins*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Leon Hawkins, appeals a judgment entered by the Franklin County Court of Common Pleas denying appellant's motion to correct void sentence. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Following a March 1997 trial, a jury found appellant guilty of two counts of aggravated murder, attempted aggravated murder, aggravated burglary, aggravated robbery, and associated firearm specifications. Appellant filed a direct appeal raising four assignments of error, and this court affirmed appellant's convictions. *See State v. Hawkins*, 10th Dist. No. 97APA06-740 (Mar. 24, 1998).

{¶ 3} After the direct appeal, appellant filed a 2011 petition for postconviction relief and challenged his sentence twice (2017 and 2018). This court: in *State v. Hawkins*, 10th Dist. No. 12AP-164 (Sept. 27, 2012) (memorandum decision) affirmed the trial court's

denial of appellant's postconviction motion; in *State v. Hawkins*, 10th Dist. No. 18AP-126, 2018-Ohio-5251 affirmed the trial court's denial of appellant's motion to resentence; and in *State v. Hawkins*, 10th Dist. No. 18AP-600, 2019-Ohio-562, *appeal not accepted*, 2019-Ohio-1759 affirmed the trial court's denial of appellant's motion for resentencing.

{¶ 4} On January 5, 2021, appellant filed a "Motion to Correct Void Sentence" with the trial court. (Jan. 5, 2021 Mot. at 1.) In it, appellant contended the trial court erred by (in appellant's view) imposing separate sentences on the two aggravated murder counts after merging those offenses. Appellant asserted such an error rendered the sentenced void and therefore was subject to challenge at any time. The trial court denied appellant's motion, finding the claims to be barred by res judicata and, alternatively, appellant's arguments regarding improper sentencing to be meritless.

{¶ 5} Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant submits one assignment of error for our review:

> The trial court erred when it denied Appellant's motion to correct a void sentence where it clearly show[s] that they didn't merge his allie[d] offenses in his Judgement Entry. (sic)

## III.   ANALYSIS

{¶ 7} In support of his assignment of error, appellant contends the trial court erred by imposing separate 30 years-to-life sentences on the two aggravated murder counts in violation of R.C. 2941.25 and *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658. He asserts that, since the trial court imposed a sentence outside of its statutory authority, the instant motion may be brought at any time under *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238 and *State v. Payne*, 10th Dist. No. 19AP-248, 2020-Ohio-1009. Appellant asks this court to "re-sentence him to allow the two sentences to merge." (Appellant's Brief at 8.)

{¶ 8} Having reviewed the present appeal and the history of the case, we agree with the trial court that res judicata bars appellant's claims in the instant motion. Generally, "[t]he doctrine of res judicata bars a litigant from re-litigating an issue that was or could have been raised in an earlier proceeding between the same parties" to prevent "piecemeal" litigation. *State v. Myers*, 10th Dist. No. 05AP-228, 2005-Ohio-5998, ¶ 9; *State v. Davic*, 10th Dist. No. 18AP-569, 2019-Ohio-1320, ¶ 9-10 ("Unlike issue preclusion in civil cases, in criminal cases res judicata may preclude issues, arguments, or positions that could have

been (even if they were not actually) litigated."). Where a defendant files successive motions and petitions after the defendant is convicted, res judicata may apply to bar claims that were raised, or could have been raised, in an earlier proceeding. *State v. Battin*, 10th Dist. No. 18AP-888, 2019-Ohio-2195, ¶ 13; *State v. Knowles*, 10th Dist. No. 15AP-991, 2016-Ohio-2859, ¶ 13; *State v. Myers*, 10th Dist. No. 20AP-59, 2021-Ohio-1037, ¶ 22-23.

{¶ 9} In this case, appellant reargues an issue this court already determined to lack merit in a prior appeal. In *Hawkins*, 2019-Ohio-562, appellant argued to this court that the trial court sentenced him on both aggravated murder counts, which required remand under *Williams* and R.C. 2941.25. After reviewing the trial court's judgment entry, we disagreed, stating:

> The state points out that this entry is inartfully stated. However, a complete reading of the entry reveals the trial court only sentenced appellant on Count 1 and not on Count 2. This conclusion is based on: (1) the statement in the entry that "Counts One and Two to merge for purposes of sentencing; the State elects to have the Defendant sentenced as to Count One"; and (2) the latter references in the entry to the merger of the three years of actual incarceration for the gun specifications only as to Counts 1, 3, 4, and 5.

*Hawkins*, 2019-Ohio-562, at ¶ 8. The Supreme Court of Ohio declined to review this decision. As a result, a valid, final judgment has been rendered upon the merits of appellant's sentence as it pertains to merger of the aggravated murder counts and, in his latest motion, appellant raises issues "he either did litigate previously or could have litigated previously." *Knowles* at ¶ 15.

{¶ 10} We further note that since *Fisher* and *Payne*, the Supreme Court has returned to the "traditional understanding" of the void-sentence doctrine. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 24. The Supreme Court clarified, "[a] sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42; *see also Henderson* at ¶ 1 ("sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant").

{¶ 11} Considering all the above, we conclude that res judicata bars appellant's claims. Therefore, the trial court did not err when it denied appellant's latest motion to correct his sentence.

{¶ 12} Accordingly, appellant's sole assignment of error is overruled.

IV. **CONCLUSION**

{¶ 13} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and JAMISON, JJ., concur.

_____