[Cite as *State v. Battin*, 2019-Ohio-2195.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-888 |
| v. | : | (C.P.C. No. 15CR-835) |
| James L. Battin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 4, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *James L. Battin*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, James L. Battin, appeals the decision of the Franklin County Court of Common Pleas denying appellant's motion to correct an illegal sentence. For the following reasons, we affirm the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant's appeal concerns whether the trial court's consideration of his two pro se motions, which he filed while represented by counsel, rendered his subsequent sentence and conviction "illegal" and/or "void." (Oct. 18, 2018 Mot. to Correct Illegal Sentence at 1.)

{¶ 3} In February 2015, appellant was indicted for kidnapping and rape, both with associated firearm specifications. Represented by appointed counsel, appellant initially

entered a plea of not guilty.  In March 2015, defense counsel for appellant filed a "Motion for Bail" seeking a reduction in the surety bond.  (Mar. 5, 2015 Mot. at 1.)  A couple of days later, on March 9, 2015, appellant filed his own "Motion for Bond Reduction" also asking the trial court to lower his surety bond.  (Mar. 9, 2015 Mot. at 1.)  A case processing sheet filed the same day as the scheduled bond hearing notes "no change" in bond.  (Mar. 19, 2015 Processing Sheet at 1.)  On March 15, 2015, while he was apparently still represented by counsel, appellant filed another motion on his own, this time asking for the trial court to order internet access for him while in jail.

{¶ 4}   A criminal processing sheet filed on June 10, 2015, the date set for trial, notes a change in the cash/surety bond from $1,000,000 to $750,000.  Appellant attempted to appeal the June 10, 2015 order, but this court dismissed the notice of appeal as untimely filed.  On June 17, 2015, the trial court filed an entry denying appellant's motion for internet usage.

{¶ 5}   Pursuant to a plea agreement and while he was represented by counsel, on March 16, 2016, appellant entered a plea of guilty to the "stipulated lesser included offense of Felonious Assault" with a firearm specification.  (Mar. 16, 2016 Entry of Guilty Plea at 1.) The prosecution and defense jointly recommended a sentence.  By a judgment entry dated March 21, 2016, the trial court found appellant guilty of felonious assault, ordered a nolle prosequi entered for the kidnapping count, and sentenced appellant according to the jointly recommended sentence.

{¶ 6}   On September 26, 2017, appellant filed a motion to vacate his conviction and sentence and to dismiss the indictment with prejudice.  Within it, appellant argued the trial court exceeded its jurisdiction in accepting his guilty pleas when felonious assault was not pled in the indictment.  The trial court denied the motion on November 28, 2017 and, on December 21, 2017, denied appellant's additional motion for an evidentiary hearing on the matter.  Appellant filed a timely notice of appeal of the trial court's November 28, 2017 judgment.  In *State v. Battin*, 10th Dist. No. 17AP-911, 2018-Ohio-2533 ("*Battin I*"), this court agreed with appellee and the trial court that appellant's motion should be construed as an untimely petition for postconviction relief under R.C. 2953.21(A).  Therefore, we found the trial court lacked jurisdiction to entertain appellant's petition and did not err in denying appellant's petition.

{¶ 7}   On December 27, 2017, appellant filed a notice of appeal from the March 16, 2016 judgment of conviction.  This court, construing his notice of appeal as a motion for delayed appeal, denied appellant's motion.

{¶ 8}   On May 16, 2018, appellant filed a motion to correct illegal sentence requesting the trial court issue an order declaring his sentence and conviction void based on the argument that felonious assault is not a lesser-included offense of rape.  The trial court denied the motion on May 29, 2018, and appellant appealed.  Noting case law showing it is legally permissible for a defendant to plead guilty to a crime that has not been indicted, in *State v. Battin*, 10th Dist. No. 18AP-402, 2018-Ohio-3947 ("*Battin II*"), we found the trial court had not erred in denying the motion to correct the allegedly illegal and void sentence.[1]

{¶ 9}   Appellant filed the motion at issue in the instant appeal on October 18, 2018.  In his "Motion to Correct an Illegal Sentence," appellant again asked the trial court to declare his conviction and/or the trial court judgment entry "void" and to "set aside the sentence." (Oct. 18, 2018 Mot. to Correct Illegal Sentence at 1.)  According to appellant, on June 10, 2015, the trial court held a pre-trial hearing on his motion for bond reduction and motion for internet usage, where the trial court "subjected him to a 'hybrid' representation." (Oct. 18, 2018 Mot. to Correct Illegal Sentence at 1.)  Appellant contends that defense counsel joined in presenting the motions and "acted as lead co-counsel" when the trial court had not sought or secured a waiver of counsel pursuant to Crim.R. 44(C) from appellant nor "formally grant[ed] the leave necessary for [appellant] to proceed pro se and/or act as 'co-counsel' " on the motions.  (Oct. 18, 2018 Mot. to Correct Illegal Sentence at 2-3.)  Appellant contended these actions divested the trial court of jurisdiction.

{¶ 10}  On November 6, 2018, the trial court denied appellant's motion as "not well taken." (Nov. 6, 2018 Decision and Entry at 1.)  Appellant filed a timely appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 11}  Appellant assigns the following as trial court error:

> [1.]  The trial court erred to the prejudice of the appellant in violation of his absolute right to procedural due process by overruling the October 18, 2018, "*Motion To Correct Illegal*

---

[1] In a memorandum decision, *State v. Battin*, 10th Dist. No. 18AP-402, 2018-Ohio-4811 (memorandum decision), this court also later declined to reopen his appeal of the trial court's May 29, 2018 judgment.

*Sentence*" on the contention that the sentence and conviction are both VOID, on the premise of the doctrine of res judicata, as alleged by the State.

[2.] The trial court, in it attempts to systematically adjudicate the appellant's case, failed to solicit and secure a waiver of counsel pursuant to Crim.R. 44(C) to demonstrate substantial compliance with Crim.R. 44(A) by making sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel.

[3.] The trial court committed error when it entertain pro se motions filed the appellant since he was represented by defense counsel. A defendant who is represented by counsel and does not move the trial court to proceed pro se may not "act as co-counsel on his own behalf." Where a defendant who is represented by counsel files pro se motion(s) and there is no indication that defense counsel joins in those motions or indicates a need for relief sought by the defendant pro se, such motions are not proper and the trial court may strike them from the record.

[4.] The trial court was put on notice twice, the first being March 9, 2015 and again on May 15, 2015 of his intent to act as "co-counsel." At the June 10, 2015 pretrial hearing, the trial court failed to properly conduct any type of colloquy with him regards to his two pro se motions and his asserted desires and his intent to act as co-counsel and assist in his case. *Faretta v. California*, (1975) 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2D 562.

[5.] The trial court committed plain Crim.R. 52(B), *and* structural error[s], affecting his substantial rights that may be noticed at any time, although they were not brought to the attention of the court in a direct appeal.

(Sic passim and emphasis sic.)

## III.  LEGAL ANALYSIS

{¶ 12} For clarity of discussion, we will address appellant's assignments of error together.  Appellant argues the trial court committed plain error and structural error in overruling his motion to correct an illegal sentence, which was based on assertions of "hybrid representation."  (Appellant's Brief at i, ii.)  Appellant contends res judicata does not apply here because the trial court's actions divested it of jurisdiction, thereby rendering his conviction and sentence void.  We disagree with appellant.

{¶ 13} As we stated in *Battin I*:

" 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Cole*, 2 Ohio St.3d 112, 113, 2 Ohio B. 661, 443 N.E.2d 169 (1982), quoting [*State v. Perry*, 10 Ohio St.2d 175 (1967),] paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." [*State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321,] ¶ 27.

*Id.* at ¶ 12. Res judicata " 'applies to bar raising piecemeal claims' " in successive motions filed after the defendant is convicted. *State v. Long*, 5th Dist. No. 17CA15, 2017-Ohio-2848, ¶ 16, quoting *State v. Kent*, 4th Dist. No. 02CA21, 2003-Ohio-6156; *State v. Hall*, 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶ 21, quoting *Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478 (8th Dist.1981), paragraph one of the syllabus (" '[P]rinciples of *res judicata* prevent relief on successive, similar motions raising issues which were or could have been raised originally.' ").

{¶ 14} "[T]he doctrine of res judicata does not preclude review of a void sentence." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 1; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 9, citing *Fischer* at ¶ 40 ("[A]bsent a timely appeal, res judicata generally allows only the correction of a void sanction."). "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. * * * Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." (Citations omitted.) *Fischer* at ¶ 6.

{¶ 15} In *Fischer*, the Supreme Court of Ohio court addressed motions to correct allegedly illegal sentences. There, the court stated:

"A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.' " *Edwards v. State* (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting *Allen v. United States* (D.C.1985), 495 A.2d

> 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. *Id.* The scope of relief based on a rule, like Fed.R.Crim.P. 35, is likewise constrained to the narrow function of correcting only the illegal sentence. It does not permit reexamination of all perceived errors at trial or in other proceedings prior to sentencing. *See, e.g., Hill v. United States* (1962), 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417.

*Id.*at ¶ 25.

{¶ 16} The *Fischer* court cautioned that the "void sentence[ing]" has been contained to a "narrow, discrete line of cases." *Id.* at ¶ 31. Furthermore, even where a certain part of a sentence is void, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at ¶ 1.

{¶ 17} In this case, appellant's appeal of the trial court's determination regarding bond reduction was dismissed as untimely, appellant did not file a timely appeal of his conviction and his motion to reopen his appeal was denied, and appellant did not raise any of these issues in either his postconviction motion or his first previous motion to correct illegal sentence. Therefore, the issues raised in appellant's latest motion are barred for review under the doctrine of res judicata unless such issues rendered the judgment void.

{¶ 18} To this point, appellant essentially attempts to use his alleged "hybrid representation" at a pre-plea, pre-sentencing hearing regarding bond and internet usage to argue the trial court's judgment entry of conviction is "void for lack of subject matter jurisdiction." (Appellant's Brief at 2.) Appellant does not argue hybrid representation or improper advisements in any way affected his guilty plea. Even if, for sake of argument,[2] hybrid representation occurred at the hearing on bond and internet usage, appellant presents, and we find, no authority for the proposition that such hybrid representation would result in the trial court losing subject-matter jurisdiction or render the judgment of conviction following a guilty plea void.

{¶ 19} Therefore, because no authority supports the proposition that appellant's sentence and/or conviction is void from the actions of the trial court in this case, and

---

[2] This court denied appellant's request for the transcript of the June 10, 2015 hearing be produced at state expense, and the transcript of the hearing remains absent from the record of appeal.

appellant could have but did not raise these issues previously, we find res judicata precludes review of appellant's latest motion.

{¶ 20} Accordingly, appellant's first assignment of error contesting the application of res judicata is overruled. The disposition of appellant's first assignment of error renders appellant's second, third, fourth, and fifth assignments of error moot. App.R. 12(A)(1)(c).

## IV. CONCLUSION

{¶ 21} Having overruled appellant's first assignments of error, rendering appellant's second, third, fourth, and fifth assignments of error moot, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and NELSON, J., concur.

_____