[Cite as *State v. Myers*, 2021-Ohio-1037.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

                Plaintiff-Appellee,          :

v.                                               :

Marvin E. Myers,                                 :

                Defendant-Appellant.         :

No. 20AP-59
(C.P.C. No. 14CR-1991)
No. 20AP-60
(C.P.C. No. 17CR-808)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on March 30, 2021

**On brief**: *G. Gary Tyack*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief**: *Marvin E. Myers*, pro se.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Marvin E. Myers, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for jail-time credit in Franklin C.P. case Nos. 14CR-1991 and 17CR-808.

{¶ 2} The following background facts relating to appellant's convictions in case Nos. 14CR-1991 and 17CR-808 are taken primarily from this court's decision in *State v. Myers*, 10th Dist. No. 19AP-178, 2019-Ohio-4592, in which we addressed appellant's first motion for jail-time credit in the underlying cases. On April 16, 2014, appellant "was indicted in case No. 14CR-1991 on one count of failure to provide notice of change of address, in violation of R.C. 2950.05." *Id.* at ¶ 2. According to the indictment, the alleged

conduct by appellant occurred "from March 11 to April 2, 2014," and "the basis of the duty to register was a 2009 conviction for gross sexual imposition." *Id.*

{¶ 3}    On April 18, 2014, appellant entered a plea of not guilty; that entry "indicated appellant was arrested on April 2, 2014." *Id.* at ¶ 3.  Appellant was "released from jail on bond in case No. 14CR-1991" on May 12, 2014. *Id.*  Pursuant to a trial court entry filed May 22, 2014, "appellant's trial date of June 5 was continued to July 22, 2014." *Id.*  On June 11, 2014, the court "ordered appellant's conveyance from the Correctional Reception Center to the Franklin County Corrections Center to await trial in case No. 14CR-1991." *Id.*  The July 2014 trial date was continued several times.

{¶ 4}    Appellant sent correspondence to the trial court from Orient Correctional Institution "[i]n a letter dated September 11, 2014." *Id.* at ¶ 4.  On October 8, 2014, a warrant was filed indicating appellant was "in the custody of the Warden of the Pickaway Correctional Institution." *Id.*  An October 2014 trial date "was continued for trial for November 24, 2014." *Id.*  However, on November 24, 2014, "new counsel was appointed for appellant, and the trial date was continued." *Id.*  On July 16, 2015, a continuance entry was filed indicating "appellant was required to be transported from PCI (Pickaway Correctional Institution)." *Id.*

{¶ 5}    A continuance entry, filed September 16, 2015, "stated a new case may be indicted." *Id.* at ¶ 5.  Pursuant to an entry filed October 20, 2015, "the case was continued to be set with new indictment in case No. 15CR-4844." *Id.*  A continuance entry was filed on September 27, 2016, "indicating appellant had been indicted on new case." *Id.*  In addition to case Nos. 14CR-1991 and 15CR-4844, "[a] new case number (16CR-5260) appeared in the filings." *Id.*

{¶ 6}    On February 8, 2017, appellant was indicted in case No. 17CR-808 on five counts of rape, in violation of R.C. 2907.02, and four counts of sexual battery, in violation of R.C. 2907.03.  That indictment "alleged conduct occurring from December 1 and 8, 2014." *Id.* at ¶ 6.

{¶ 7}    On September 10, 2018, appellant entered a guilty plea in case No. 14CR-1991 to one count of failure to provide notice of change of address; also on that date, he "entered a guilty plea in case No. 17CR-808 to Count 5 (sexual battery), a felony of the third degree, and to Count 9 (sexual battery), a stipulated lesser-included offense." *Id.* at ¶ 7.  The trial

court, by entry filed September 11, 2018, "imposed a sentence of 24 months in case No. 14CR-1991 to be served concurrent with the sentence in case No. 17CR-808." *Id.* at ¶ 8. The court's entry "granted appellant 1,027 days of jail-time credit in case No. 14CR-1991." *Id.*

{¶ 8} By entry also filed September 11, 2018, the trial court "entered sentence in case No. 17CR-808, imposing a sentence of 36 months each on Counts 5 and 9, to be served consecutive to each other, but concurrent to the sentence in case No. 14CR-1991." *Id.* at ¶ 9. The court "granted appellant jail-time credit of 1,027 days in case No. 17CR-808." *Id.*

{¶ 9} On February 7, 2019, appellant filed with the trial court "a pro se motion for jail-time credit, styled under case Nos. 14CR-1991 and 17CR-808." *Id.* at ¶ 10. In that motion, appellant asserted in part: "[d]efendant states that he did not recieeive [sic] all the jail-time credit to which he was entitled to Defendant was held on these cases 04/02/2014 to 11/25/2014 in the Franklin County Corr. Cent." *Id.* at ¶ 10. Appellant sought "an additional 300 days of jail-time credit." *Id.* Attached to his motion was a one-page "Franklin County Arrest Record." *Id.*

{¶ 10} Plaintiff-appellee, State of Ohio, opposed the motion for jail-time credit. By entries filed February 25, 2019, "the trial court denied appellant's request for jail-time credit in both case Nos. 14CR-1991 and 17CR-808." *Id.* at ¶ 11.

{¶ 11} Appellant appealed pro se to this court from the trial court's entries denying his request for jail-time credit in both cases. Appellant raised five assignments of error, including claims the trial court erred in declining to correct his jail-time credit to reflect the correct number of days of confinement he was entitled (first assignment of error), that the court failed to properly calculate the correct number of days of jail-time credit (third assignment of error), and that his trial counsel was ineffective in failing to challenge the number of jail-time credit days awarded (fourth assignment of error).

{¶ 12} In *Myers*, this court determined appellant "failed to meet his burden of demonstrating 'error through the record,' including a failure to explain how he is entitled to 300 additional days of jail-time credit." *Id.* at ¶ 23. This court thus concluded the trial court did not err in denying the motion for jail-time credit, and we overruled all five assignments of error and affirmed the judgment of the trial court.

{¶ 13} On May 10, 2019, appellant filed with the trial court a pro se "motion for judicial review of jail time credit" in both case Nos. 14CR-1991 and 17CR-808. On May 15, 2019, the state filed a memorandum in opposition to appellant's motion for jail-time credit. By decision and entry filed May 20, 2019, the trial court denied appellant's motion. Appellant did not appeal that decision.

{¶ 14} On December 20, 2019, appellant filed a third motion for jail-time credit in case Nos. 14CR-1991 and 17CR-808 asserting he was entitled to 697 days of jail-time credit. On December 23, 2019, the state filed a memorandum in opposition to the motion for jail-time credit arguing appellant's current motion failed to indicate any error and it constituted an improper successive motion that was barred under the doctrine of res judicata. By decision and entry filed January 8, 2020, the trial court denied appellant's motion for jail-time credit in both cases on grounds of res judicata.

{¶ 15} On appeal, appellant, pro se, has filed the following "propositions of law" which we construe as assignments of error:

> [I.] The trial court denied the defendant-appellant due process and equal protection under the law where it failed to calculate and credit the defendant's confinement (jail-time) credit and prior incarceration in its sentencing entry.
>
> [II.] The trial court abused its discretion and denied Mr. Myers Due Process and Equal Protection of the law when it failed to consider the merits of his motion for jail-time credit, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and R.C. 2929.19(B)(2)(g)(iii) and the Ohio Constitution.
>
> [III.] What is the [APA's] responsibility to credit time served in confinement in light of [R.C. 2929.23 and R.C. 2967.191].
>
> [IV.] Appellant has met the burden of demonstrating "error through record."
>
> [V.] The trial court commits plain error by failing to grant appellant's jail time credit under [Ohio Rev. Code §] 2967.191 and include it in the sentence entry, violating Ohio Constitution Article I, Section 10 and United States Constitution Article 14 Amendment and Equal Protection Clause. Court's attitude is unreasonable, arbitrary or unconscionable towards the issues in this case. The trial court abused its discretion by its failure to properly calculate the correct number of days of jail time

credit the appellant is entitled to and to incorporate the days in the journal entry. Thereby, leaving it up to the Appellant to figure out his own JTC time.

[VI.] Petitioner was denied effective assistance of trial counsel denying his due process rights guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.

{¶ 16} In general, an appellate court reviews a trial court's denial of a motion to correct jail-time credit "under the abuse of discretion standard." *State v. Fisher*, 10th Dist. No. 16AP-402, 2016-Ohio-8501, ¶ 9. As noted, the trial court's denial of appellant's motion for jail-time credit was based on the application of the doctrine of res judicata. That doctrine "prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sneed*, 8th Dist. No. 84964, 2005-Ohio-1865, ¶ 16, citing *State v. Brown*, 8th Dist. No. 84322, 2004-Ohio-6421. Further, "[r]es judicata ' "applies to bar raising piecemeal claims" ' in successive motions filed after the defendant is convicted." *State v. Battin,* 10th Dist. No. 18AP-888, 2019-Ohio-2195, ¶ 13, quoting *State v. Long*, 5th Dist. No. 17CA15, 2017-Ohio-2848, ¶ 16, quoting *State v. Kent*, 4th Dist. No. 02CA21, 2003-Ohio-6156, ¶ 6.

{¶ 17} We initially consolidate for review appellant's first and second assignments of error which raise somewhat related issues. Specifically, under these assignments of error, appellant asserts the trial court erred: (1) by applying the doctrine of res judicata to deny his motion for jail-time credit, and (2) in failing to consider the merits of his motion for jail-time credit. In response, the state maintains, as it did before the trial court, that the doctrine of res judicata bars successive motions for jail-time credit.

{¶ 18} R.C. 2929.19(B)(2)(h)(iii) provides in part as follows:

The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(h)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(h)(i) of this section, and the court may in its discretion grant or deny that motion.

{¶ 19} Before the passage (in 2012) of the above statutory provision,[1] "an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal." *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11. Thus, "[m]otions to correct errors made in determining jail-time credit filed outside the time allowed for direct appeal were barred by the doctrine of res judicata." *State v. Smith*, 11th Dist. No. 2016-L-107, 2017-Ohio-4124, ¶ 11, citing *State v. Spillan*, 10th Dist. No. 06AP-50, 2006-Ohio-4788, ¶ 12.

{¶ 20} In accordance with R.C. 2929.19(B)(2)(h)(iii), a defendant is "no longer required to contest a trial court's calculation of his jail-time credit in a direct appeal of his conviction; even if no appeal is pursued, the issue can still be asserted in a post-judgment motion." *State v. Watson*, 11th Dist. No. 2017-T-0047, 2017-Ohio-8631, ¶ 8. Ohio courts have made clear, however, "this does not mean that res judicata has no application to motions to correct jail-time credit." *State v. Tapp,* 8th Dist. No. 106904, 2018-Ohio-4120, ¶ 13.

{¶ 21} More specifically, "[s]imply because res judicata does not operate to bar an initial, post-sentence motion for jail-time credit," courts have held such fact "does not imply the doctrine is inapplicable to *successive* motions." (Emphasis sic.) *Smith* at ¶ 12. Thus, Ohio appellate courts addressing this issue have held that "res judicata applies to successive motions for jail-time credit." *State v. Cretella*, 11th Dist. No. 2018-T-0014, 2018-Ohio-3245, ¶ 10 (following trial court's denial of defendant's first motion for jail-time credit, which appellate court affirmed, res judicata barred second and third motions for jail-time credit). *See also Tapp* at ¶ 13-14 (following trial court's denial of appellant's first motion for jail-time credit seeking 220 days credit, which appellant did not appeal, res judicata barred second motion seeking 69 days of jail-time credit); *State v. Guiterres*, 11th Dist. No. 2015-T-0116, 2016-Ohio-5572, ¶ 12 (although appellant's second motion for jail-time credit raised new argument as to why he was entitled to the credit, "res judicata covers any point or argument that either was or *could have been raised* during the first proceeding on the issue"); *Smith* at ¶ 12 ("No injustice will result if res judicata is applied to bar appellant's

---

[1] Formerly R.C. 2929.19(B)(2)(g)(iii) (effective Sept. 10, 2012), "now codified as R.C. 2929.19(B)(2)(h)(iii) " (effective Mar. 22, 2019). *State v. Nichols*, 2d Dist. No. 2020-CA-2, 2020-Ohio-4596, ¶ 17.

second motion" for jail-time credit where appellant failed to appeal the trial court's denial of his first motion.).[2]

{¶ 22} We find persuasive those decisions by Ohio appellate courts finding the doctrine of res judicata applicable to successive motions for jail-time credit. In the present case, as set forth under the facts, this court considered the merits of appellant's first appeal from the trial court's denial of his initial motion for jail-time credit. In that appeal, we affirmed the judgment of the trial court finding appellant "failed to meet his burden of demonstrating 'error through the record,' including a failure to explain how he is entitled to 300 additional days of jail-time credit." *Myers* at ¶ 23. Following this court's decision affirming the trial court's judgment, appellant filed a second motion for jail-time credit. The trial court denied the motion for jail-time credit, and appellant failed to file a notice of appeal from the denial of that second motion.

{¶ 23} In the instant appeal, involving appellant's third motion for jail-time credit, the trial court denied the motion on res judicata grounds. On review, we find the trial court did not err in denying appellant's successive motion for jail-time credit based on the doctrine of res judicata. Accordingly, appellant's first and second assignments of error are not well-taken and are overruled.

{¶ 24} Based on our disposition of the first and second assignments of error, finding the trial court did not err in denying the successive motion for jail-time credit as barred by res judicata, the issues raised under appellant's remaining assignments of error are rendered moot. *See* App.R. 12(A)(1)(c); *Battin* at ¶ 20, citing App.R. 12(A)(1)(c) (overruling appellant's assignment of error challenging application of res judicata to his latest motion, and finding remaining assignments of error moot); *State v. Franklin*, 4th Dist. No. 05CA9, 2006-Ohio-1198, ¶ 14 (overruling assignment of error on the basis appellant's claims were barred from consideration by res judicata and holding that remaining assignments of error

---

[2] In *State v. Bryant*, 10th Dist. No. 19AP-241, 2020-Ohio-363, this court discussed the application of res judicata with respect to successive motions for jail-time credit in a case in which one judge concurred in judgment only and one judge dissented. Although a plurality opinion and, therefore, lacking in precedential value, we note that two members of that panel agreed with appellate courts from other jurisdictions applying the doctrine of res judicata to successive motions. *See id.* at ¶ 32 (Nelson, J., concurring in judgment only) ("I believe that a merits decision on a motion for jail-time credit has res judicata effect foreclosing subsequent such motions even if advanced on different rationales."); *Id.* at ¶ 45 (Sadler, P.J., dissenting.) ("I would hold res judicata barred substantive review of [defendant's] third motion for jail-time credit" based on agreement with "the reasoning employed by" line of appellate cases holding that doctrine of res judicata "precludes substantive review of the successive motion.").

regarding merits of motion "are moot and can be disregarded pursuant to App.R. 12(A)(1)(c)").

{¶ 25} Accordingly, appellant's first and second assignments of error are overruled, the third, fourth, fifth, and sixth assignments of error are rendered moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

_____