[Cite as *State v. Simpson*, 2021-Ohio-4066.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 21AP-52 |
| v. | : | (C.P.C. No. 00CR-5064) |
| Donovan Simpson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

———————————

D E C I S I O N

Rendered on November 16, 2021

———————————

**On brief:** [*Janet Grubb*, First Assistant Prosecuting Attorney], and *Mark R. Wilson*, for appellee.

**On brief:** *Donovan Simpson*, pro se.

———————————

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Donovan Simpson, pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying his "Motion for Correction of the Calculation of Jail Time Credit Pursuant to R.C. 2929.19(B)(2)(g)(iii)." For the following reasons, we affirm.

{¶ 2} In June 2001, a jury returned verdicts finding appellant guilty of five counts of attempted murder, five counts of felonious assault, one count of aggravated arson, one count of murder, and one count of aggravated murder. The jury also returned a verdict finding appellant guilty of the accompanying death penalty specification because the aggravated murder was part of a course of conduct involving the purposeful killing or

attempted killing of two or more persons. Following a mitigation hearing, the jury voted to impose a sentence of life imprisonment without parole eligibility for 30 years. Appellant was sentenced to an aggregate prison sentence of 90 years. On appeal, this court affirmed the convictions, but remanded the matter for resentencing on grounds that the trial court failed to make all the findings required for the imposition of maximum and consecutive sentences. *State v. Simpson*, 10th Dist. No. 01AP-757, 2002-Ohio-3717. On remand, the trial court resentenced appellant to an aggregate prison sentence of 79 years.

{¶ 3} Pursuant to subsequent federal habeas corpus proceedings, appellant's aggravated murder, murder, and attempted murder convictions were vacated subject to plaintiff-appellee, State of Ohio, commencing a re-trial within 90 days; appellant's convictions for one count of aggravated arson and five counts of felonious assault remained undisturbed. Following return of the matter to the trial court, appellant agreed to be resentenced in lieu of facing a second trial. On December 6, 2016, the trial court conducted a resentencing hearing pursuant to R.C. 2929.19. At that hearing, the court noted that the parties had reached a resolution regarding resentencing. The prosecution recited the particulars of the agreement: a nolle prosequi of the aggravated murder, murder, and attempted murder counts in exchange for appellant being resentenced to an aggregate prison term of 25 years, consisting of 9 years on the aggravated arson count and 16 years total on the five felonious assault counts; in addition, appellant was credited with 812 days of "local time" and 5,066 days of "incarceration in the institution." (Dec. 6, 2016 Resentencing Hearing Tr. at 3.) Defense counsel acknowledged the joint agreement, averring that "[w]e understand that the composite sentence is 25 years flat * * * in two separate chunks of time, a total of 5,878 days served." *Id.* at 4-5. When questioned by the trial court, appellant indicated that he understood the joint agreement and that he had been afforded a sufficient opportunity to discuss it with counsel.

{¶ 4} In accordance with the joint agreement, the trial court issued a judgment entry on December 7, 2016 in which it entered a nolle prosequi on the aggravated murder, murder, and attempted murder counts and imposed an aggregate sentence of 25 years, consisting of 9 years on the single count of aggravated arson and a total of 16 years on the five counts of felonious assault. The entry also included the following language: "The Court finds, and the parties agree, that Defendant has already served 812 local days and 5066

days at ODRC (for a total of 5878 days of incarceration), and hereby certifies the time to the Ohio Department of Corrections.  Defendant is to receive jail time credit for all additional jail time served while awaiting transportation to the institution from the date of the imposition of this sentence."  (Dec. 7, 2016 Jgmt. Entry at 2.)

{¶ 5}    Appellant did not appeal his sentence. Instead, on March 27, 2017, appellant filed a pro se "Motion for Jail Time Credit."  Therein, appellant noted that he "was delivered into state custody on August 22, 2001" and "has since learned that he received only (5,899 days) of credit and herein states that he did not receive all the credit to which he was entitled (3,367 days)."  (Mar. 27, 2017 Mot. for Jail Time Credit at 1.)  Appellant requested that the trial court issue an amended judgment entry "directing the Ohio Department of Rehabilitation and Corrections, through its Bureau of Sentence Computation to grant Defendant an additional of days of jail time credit, for a total of (3,367 days)."  *Id.* at 3.  The state opposed the motion on multiple grounds.  By entry filed May 11, 2017, the trial court denied appellant's motion, finding that "counsel for the State and counsel for Defendant **agreed on the record** to the jail-time credit (812 local days plus 5066 days at ODRC, for a total of 5878 days of incarceration) awarded at Defendant's December 6, 2016 resentencing hearing," and that "Defendant has not established any alleged error in the calculation of this jail-time credit award to his prejudice or detriment."  (Emphasis sic.)  Appellant did not appeal the trial court's judgment.

{¶ 6}    On December 7, 2017, appellant, pro se, filed a second "Motion for Jail Time Credit."  In that motion, appellant asserted that he was presently serving a prison term of 8 years for which he had been awarded 0 days of jail-time credit. Appellant contended he was entitled to jail-time credit for 2,950 days he spent in prison from October 29, 2009 to November 29, 2017, and that such credit should be applied to his current 8-year sentence. The state opposed the motion for numerous reasons.  By entry filed February 1, 2018, the trial court denied the motion on grounds that it was barred by the doctrine of res judicata and that appellant had presented no meritorious legal arguments in support of his claim. Appellant did not appeal.

{¶ 7}    On March 6, 2020, appellant filed a request that the trial court issue a nunc pro tunc entry to correct the sentence imposed in the December 7, 2016 judgment entry. Specifically, appellant asserted that the 5,066 days of prison time credited by the trial court

was incorrect. Appellant based this claim on "newly discovered evidence from B.O.S.C.O. which provided that the 5066 days of time spent in their custody was off 542 days which the actual time spent was August 22, 2001 thru December 28, 2016 was 5608 days." The state responded, setting forth several reasons to deny appellant's request. To date, the trial court has not addressed appellant's request.

{¶ 8} On November 19, 2020, appellant filed a "Motion for Correction of the Calculation of Jail Time Credit Pursuant to R.C. 2929.19(B)(2)(g)(iii)." In that motion, his third seeking additional jail-time credit, appellant averred that "[o]n December 6, 2016, the parties entered into a negotiated jointly recommended sentence[.] [The trial] court accepted and stated the defendant should receive all credit for time previously served in custody[.] [A]s of today[,] defendant has not received the benefit of his bargain." (Nov. 19, 2020 Motion at 2.) More specifically, appellant argued that the trial court failed to include in its calculation of jail-time credit the 2,614 days he served in prison on the five counts of felonious assault prior to the December 6, 2016 resentencing hearing. According to appellant, "[w]hen [the trial court] decided to have one of the five counts of felonious assault run consecutive, [the trial court] failed to add the * * * 2,614 days to that count. Without the proper calculation of * * * jail time credit[,] defendant will be required to serve time that has already been served which is both unreasonable and unconscionable because defendant is entitled to credit under the terms of the negotiated jointly recommended sentence." Appellant argued that "in essence, defendant will have served almost 16 years on a single count of felonious assault if this court does not calculate the proper credit into defendant's sentence." *Id.* Appellant also reasserted the claim made in his March 6, 2020 request for a nunc pro tunc entry that the 5,066 ODRC days credited by the trial court in its December 7, 2016 judgment entry was incorrect based on a "kite from the D.R.C. 'BOSCO' who stated that defendant actually served 5,608 days in their custody, [which is] a difference of 542 days from the time defendant was admitted into the penal system on August 22, 2001 [through] December 28, 2016." *Id.* On November 23, 2020, the state filed a memorandum opposing the motion.

{¶ 9} In a judgment entry issued December 24, 2020, the trial court denied appellant's motion on three grounds. The trial court first found that the motion was barred by the doctrine of res judicata. The court next determined that even if the motion was not

barred by res judicata, appellant's third motion for jail-time credit contravened R.C. 2929.19(B)(2)(g)(iii), as that statute provided only for the filing of a single motion for jail-time credit.  Finally, the court found that appellant's on-the-record agreement to jail-time credit of 5,878 days, including 812 local days plus 5,066 prison days, was "binding and enforceable."  (Dec. 24, 2020 Entry at 2.)  The court concluded that appellant had failed to establish prejudicial error in the calculation of his jail-time credit.

{¶ 10}  Appellant did not file a timely notice of appeal to this court from the trial court's December 24, 2020 judgment.  However, this court granted appellant's App.R. 5(A) motion for leave to file a delayed appeal.  *State v. Simpson*, 10th Dist. No. 21AP-52 (Mar. 16, 2021) (memorandum decision.)  Pursuant thereto, appellant assigns the following error for our review:

> The trial court abused its discretion and committed plain error by denying Simpson's motion for jail time credit pursuant to R.C. 2929.19(B)(2)(g)(iii).

{¶ 11}  In his sole assignment of error, appellant contends that the trial court abused its discretion when it denied his motion for jail-time credit because the trial court failed to credit him with the 2,614 days he spent in prison on the five felonious assault counts prior to the December 6, 2016 resentencing hearing. Appellant asserts that "[t]he trial court never mentioned anything about any time previously served on the 5 counts of felonious [assault] or the way they were previously ordered to be served, [and] never made the proper calculation of each individual count of felonious assault[.]  [T]he trial court just added up everything in an [sic] lump sum thereby negating any proper calculation of credit previously served."  (Appellant's Brief at 2-3.)  Appellant further states that "the transcripts of the December 6th 2016 resentencing hearing speaks nothing of the proper calculation only that everyone agreed to the total sum of credit."  *Id.* at 3.

{¶ 12}  An appellate court reviews a trial court's denial of a motion to correct jail-time credit for an abuse of discretion.  *State v. Fisher*, 10th Dist. No. 16AP-402, 2016-Ohio-8501, ¶ 9.  As noted, the primary ground upon which the trial court denied appellant's motion for jail-time credit was based on the doctrine of res judicata.  Res judicata " 'prevents repeated attacks on a final judgment and applies to issues that were or might have been previous litigated.' "  *State v. Myers*, 10th Dist. No. 20AP-59, 2021-Ohio-1037, ¶ 16, quoting *State v. Sneed*, 8th Dist. No. 84964, 2005-Ohio-1865, ¶ 16, citing *State v. Brown*, 8th Dist.

No. 84322, 2004-Ohio-6421.  Res judicata also bars a defendant from raising " ' "piecemeal claims in successive motions filed after the defendant is convicted." ' "  *Id.*, quoting *State v. Battin*, 10th Dist. No. 18AP-888, 2019-Ohio-2195, ¶ 13 (further citations omitted).

{¶ 13} When appellant was resentenced in December 2016,[1] R.C. 2929.19(B)(2)(g)(i) stated that if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, it must determine, notify the offender of, and include in the sentencing entry the number of days of jail-time credit by which the department of rehabilitation and correction must reduce the stated prison term under R.C. 2967.191.  In addition, R.C. 2929.19(B)(2)(g)(iii) provided in part as follows:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division [R.C. 2929.19](B)(2)(g)(i) of this section.  The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.

{¶ 14} Prior to the enactment of this statutory provision, an offender could pursue correction of an alleged error regarding an award of jail-time credit only on direct appeal. *Myers* at ¶ 19, citing *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11. Accordingly, motions to correct alleged errors in the award of jail-time credit filed outside the time permitted for direct appeal were barred by the doctrine of res judicata.  *Id.*, citing *State v. Smith*, 11th Dist. No. 2016-L-107, 2017-Ohio-4124, ¶ 11, citing *State v. Spillan*, 10th Dist. No. 06AP-50, 2006-Ohio-4788, ¶ 12. However, pursuant to R.C. 2929.19(B)(2)(g)(iii), an offender is " 'no longer required to contest a trial court's calculation of his jail-time credit in a direct appeal of his conviction; even if no appeal is pursued, the issue can still be asserted in a post-judgment motion.' "  *Id.* at ¶ 20, quoting *State v. Watson*, 11th Dist. No. 2017-T-0047, 2017-Ohio-8631, ¶ 8.

{¶ 15} In a decision rendered subsequent to *Myers*, the Supreme Court of Ohio stated that alleged errors regarding an award of jail-time credit may be raised in an offender's "direct appeal of his criminal conviction, or in a postsentence motion to correct jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii)." (Citation omitted.)  *State ex rel.*

---

[1] The statute has been amended several times since appellant was resentenced.

*Sands v. Culotta*, ___ Ohio St.3d ___, 2021-Ohio-1137, ¶ 12. The court also determined that res judicata is applicable to bar successive motions for jail-time credit. *Id.* ("Sands previously filed a motion to correct his jail-time credit and pursued an unsuccessful appeal when that motion was denied. * * * Thus, his claim is also barred by the doctrine of res judicata."). Prior to the *Sands* decision, Ohio appellate courts, including this court, applied the doctrine of res judicata to successive motions for jail-time credit. *Myers* at ¶ 22 ("We find persuasive those decisions by Ohio appellate courts [in the 8th and 11th Districts] finding the doctrine of res judicata applicable to successive motions for jail-time credit.").

{¶ 16} As explained above, appellant has filed two previous motions requesting jail-time credit. Both motions were denied by the trial court and appellant failed to appeal from those judgments. In the present appeal involving appellant's third motion for jail-time credit, the trial court denied the motion based primarily on res judicata grounds. On review, we find that the trial court did not abuse its discretion in denying appellant's successive motion for jail-time credit based on the doctrine of res judicata.

{¶ 17} We further note that although appellant characterized his motion as a motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii), and appellee responded to it as such, his motion actually requests prison-time credit—not jail-time credit. In *State v. Fisher*, 10th Dist. No. 16AP-402, 2016-Ohio-8501, we recognized the distinction between jail-time credit and time served in prison and the related legal effect of that distinction. There, Fisher was sentenced to prison for a burglary conviction. He was subsequently granted judicial release and placed on community control. After he violated the terms of his community control, the trial court resentenced him and awarded him jail-time credit. Fisher later moved the court to increase the jail-time credit for days he served in prison between the date of his conviction and his release on community control. After the trial court denied the motion, Fisher argued on appeal that the trial court abused its discretion in failing to credit him with the days he spent in prison on the burglary offense. Noting the definitions for "jail" and "prison" set forth in R.C. 2929.01, we concluded that "prison time and jail time are distinct and different forms of confinement." *Id.* at ¶ 12. Citing R.C. 2929.19(B)(2)(g)(i), we stated that:

> "[T]he number of days that the offender has been confined for
> any reason arising out of the offense for which the offender is
> being sentenced," otherwise known as jail time, "shall not

> include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction," otherwise known as prison time. R.C. 2929.19(B)(2)(g)(i), therefore, precludes a sentencing court from calculating the number of days [Fisher] previously served in prison when determining jail-time credit.

*Id.* at ¶ 14.

{¶ 18} Here, imposing the agreed-upon sentence, the trial court recognized the difference between jail-time credit, which it characterized as "812 local days," and prison time, which it characterized as "5,066 days at ODRC." The trial court further awarded appellant "jail-time credit for all additional jail time served while awaiting transportation to the institution from the date of the imposition of his sentence," which again reflects the trial court's recognition of the difference between jail-time credit and prison time.

{¶ 19} If we construe appellant's motion as requesting prison-time credit rather than jail-time credit, res judicata would still be a bar because appellant filed essentially the same motion on two prior occasions. Appellant did not appeal the denial of either motion. Therefore, res judicata bars appellant's motion at issue here, whether viewed as a successive motion for jail-time credit or a successive motion for prison-time credit.[2]

{¶ 20} For the foregoing reasons, we overrule appellant's sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and MENTEL, J., concur.

---

[2] In *Fisher*, we further noted the discrete duties imposed upon the sentencing court and the department of rehabilitation under R.C. 2967.191: "Though R.C. 2967.191 imposes a duty upon DRC to apply jail-time credit to reduce an inmate's stated prison term, it is the sentencing court's * * * determination as to the number of days of jail-time credit. Conversely, DRC's obligation to reduce a stated prison term by the number of days an inmate previously served in DRC's custody is independent of the sentencing court's duty to determine jail-time credit. * * * If [Fisher] is entitled to a reduction of his stated prison term for any days he previously served in DRC's custody, DRC is required to make the necessary adjustment in determining [Fisher's] release date." (Citations omitted.) *Id.* at ¶ 16. Applying the foregoing, we concluded: "[i]t is [Fisher's] duty to show an error in the jail-time credit calculation. (Citation omitted.) The only challenge to the accuracy of the trial court's determination of jail-time credit raised by [Fisher] * * * is his contention that the trial court abused its discretion by failing to include prison time in the calculation. We find the trial court did not abuse its discretion in denying [Fisher's] motion to correct his jail-time credit." *Id.* at 17.