[Cite as *State v. Adams*, 2022-Ohio-1645.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2022 CA 00006 |
| | : | (Related to Case No. 2022 CA 00005) |
| JASON P. ADAMS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 18 CR 862

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 16, 2022

APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

WILLIAM C. HAYES                         JASON P. ADAMS, PRO SE
LICKING COUNTY PROSECUTOR                Inmate No. A755978
                                         Franklin Medical Center
CLIFFORD J. MURPHY                       1990 Harmon Ave.
20 North Second St., 4th Floor           Columbus, OH 43223
Newark, OH 43055

*Delaney, J.*

{¶1} Defendant-Appellant Jason P. Adams appeals the January 11, 2022 judgment entry of the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

### Case No. 18 CR 482

{¶2} On July 12, 2018, the Licking County Grand Jury indicted Defendant-Appellant Jason P. Adams on one count of Aggravated Possession of Drugs (Methamphetamine), a fifth-degree felony in violation of R.C. 2925.11(A)(C)(1)(a). The indictment was based on Adams' activities on December 2, 2017.

{¶3} Adams appeared at the arraignment and was released on a recognizance bond.

{¶4} On October 30, 2018, the Licking County Court of Common Pleas issued a capias for Adams' arrest based on pre-trial release violations.

{¶5} Case No. 18 CR 482 had been set for a jury trial on November 1, 2018. Adams did not appear and on November 1, 2018, the trial court issued a capias for Adams' arrest for his failure to appear.

{¶6} Adams was arrested on November 17, 2018 for his failure to appear and pre-trial probation violation in Case No. 18 CR 482.

### Case No. 18 CR 862

{¶7} On November 19, 2018, a criminal complaint and arrest warrant were filed against Adams for Aggravated Trafficking in Drugs (Methamphetamine), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(1)(c), based on activities that occurred

on October 11, 2018. Adams was already in jail based on his arrest in Case No. 18 CR 482 and he was arrested on the warrant in Case No. 18 CR 862. He appeared for his arraignment on November 20, 2018 and bond was set in the amount of $100,000. He did not post bond and remained in jail.

{¶8} On November 28, 2018, he was indicted by the Licking County Grand Jury for: (1) Aggravated Possession of Drugs (Methamphetamine), a fifth-degree felony in violation of R.C. 2925.11(A)(C)(1)(a); (2) Aggravated Trafficking in Drugs (Methamphetamine), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(1)(c); (3) Aggravated Trafficking in Drugs (Methamphetamine), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(1)(c); and (4) Aggravated Trafficking in Drugs (Methamphetamine), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(1)(c).

**Sentencing**

{¶9} On February 12, 2019, Defendant-Appellant Jason P. Adams appeared for a change of plea and sentencing hearing for Case Nos. 18 CR 482 and 18 CR 862. In Case No. 18 CR 482, Adams entered a plea of guilty to the charge of Aggravated Possession of Drugs (Methamphetamine), fifth-degree felony in violation of R.C. 2925.11(A)(C)(1)(a). In Case No. 18 CR 862, Adams entered a guilty plea to the following charges: (1) Aggravated Possession of Drugs (Methamphetamine), a fifth-degree felony in violation of R.C. 2925.11(A)(C)(1)(a); (2) Aggravated Trafficking in Drugs (Methamphetamine), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(1)(c); (3) Aggravated Trafficking in Drugs (Methamphetamine), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(1)(c); and (4) Aggravated Trafficking in Drugs

(Methamphetamine), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(1)(c). The trial court accepted the guilty pleas and found Adams guilty as charged.

{¶10} In Case No. 18 CR 482, the trial court sentenced Adams to serve a stated prison term of one year at the Orient Reception Center. The sentence was ordered to run concurrently with the sentence imposed in Case No. 18 CR 862. In Case No. 18 CR 862, the trial court sentenced Adams to serve one year in prison on Count 1, a mandatory five-year prison term on Count 2, a mandatory five-year prison term on Count 3, and a mandatory five-year prison term on Count 4. The counts were to be served concurrently for an aggregate mandatory five-year prison term. The trial court ordered the sentence in Case No. 18 CR 862 to run concurrently with the sentence imposed in Case No. 18 CR 482.

{¶11} The trial court gave Adams jail-time credit in Case No. 18 CR 482. The sentencing entry stated, "Credit for 88 days is granted as of this date, along with future custody days while Defendant awaits transportation to the appropriate state institution." (Judgment Entry, Case No. 18 CR 482, Feb. 12, 2019). In Case No. 18 CR 862, the trial court stated, "No jail credit is granted as all credit was granted in Case No. 18 CR 482." (Judgment Entry, Case No. 18 CR 862, Feb. 12, 2019).

{¶12} Adams did not file a direct appeal of his convictions and sentences.

**First and Second Motions for Jail-Time Credit**

{¶13} On August 9, 2019, Adams filed a pro se motion for jail-time credit. He contended that while he received 88 days of jail-time credit in Case No. 18 CR 482, he was also entitled to 85 days of jail-time credit in Case No. 18 CR 862. He argued he was booked into jail on November 17, 2018 in Case No. 18 CR 482 and was served his arrest

warrant for Case No. 18 CR 862 on November 20, 2018. He stated that from November 20, 2018 to February 13, 2019, he had accrued 85 days in jail-time credit that should have been applied to Case No. 18 CR 862.

{¶14} The State did not file a response.

{¶15} On August 12, 2019, the trial court issued a judgment entry in Case Nos. 18 CR 482 and 18 CR 862 denying the pro se motion for jail-time credit.

{¶16} On February 5, 2020, Adams filed a pro se motion requesting jail-time credit of 88 days to be applied in Case No. 18 CR 862. There was no response filed by the State and the trial court did not file a judgment entry ruling on the pro se motion.

## Appeal

{¶17} On March 22, 2021, Adams filed a pro se notice of appeal with this Court, appealing the August 12, 2019 judgment entry. Adams requested leave to file a delayed appeal. The State filed a response in opposition to Adams' motion for leave to file a delayed appeal. On April 16, 2021, we denied Adams' motion for leave to file a delayed appeal. We found that Adams failed to provide an explanation as to why he did not file a timely notice of appeal other than to say he had demonstrated an interest in appealing. (Judgment Entry, Case Nos. 21CA0022 and 21CA0021, April 16, 2021).

## Third Motion for Jail-Time Credit

{¶18} On January 10, 2022, Adams filed a Motion for Correction of Jail-Time Credit in Case Nos. 18 CR 482 and 18 CR 862 with the Licking County Court of Common Pleas. In his motion, he argued that because the trial court imposed his sentences on multiple charges to be served concurrently, the trial court was required to apply the jail-time credit against all the terms. He then stated that when the trial court ordered his

sentences to run concurrently, the trial court was required to independently reduced each case by 88 days of jail-time credit for a total of 176 days of jail credit.

{¶19} The trial court denied the motion on January 11, 2022.

{¶20} Adams filed a timely appeal of the January 11, 2022 judgment entry on January 27, 2022 and the matter is now before this Court.

## ASSIGNMENT OF ERROR

{¶21} Adams raises one Assignment of Error:

{¶22} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR BY DENYING APPELLANT'S MOTION FOR JAIL-TIME CREDIT PURSUANT TO R.C. 2929.19(B)(2)(G)(III)."

## ANALYSIS

{¶23} Adams argues in his sole Assignment of Error that the trial court erred when it failed to give him jail-time credit towards each of his concurrent prison sentences. Adams relies on the holding in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, where the Ohio Supreme Court held

> [w]hen concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. * * * So long as an offender was confined while being held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

*Id.* at ¶ 12.

### Continuing Jurisdiction and Res Judicata

{¶24} R.C. 2929.19(B)(2)(g)(iii) provides

The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of the appropriate jail-time credit]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [of the appropriate jail-time credit], and the court may in its discretion grant or deny that motion. * * *

The trial court has continuing jurisdiction to consider "any" and "all" errors, which includes both mathematical and legal errors. *State v. Copas*, 2015-Ohio-5362, 49 N.E.3d 755, ¶ 12 (4th Dist.); *State v. Quaterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, ¶ 8; *State v. Inboden*, 10th Dist. Franklin Nos. 14AP-312 & 14AP-317, 2014-Ohio-5762, ¶ 7-8.

{¶25} Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii) in September 2012, an offender could pursue correction of an alleged error regarding an award of jail-time credit only on direct appeal. *State v. Simpson*, 10th Dist. Franklin No. 21AP-52, 2021-Ohio-4066, ¶ 14 citing *State v. Myers*, 10th Dist. Franklin No. 20AP-59, 2021-Ohio-1037, ¶ 19 citing *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11. If the motion to correct jail-time credit was filed outside the time permitted for direct appeal, it was barred by the doctrine of res judicata. *Id.* citing *Myers* at ¶ 19, citing *State v. Smith*, 11th Dist. Lake No. 2016-L-107, 2017-Ohio-4124, ¶ 11. The enactment of R.C. 2929.19(B)(2)(g)(iii) permitted the offender to contest the trial court's calculation of jail-time credit in a direct

appeal or in a post-judgment motion. *Id.* citing *Myers* at ¶ 19; *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 12.

**Successive Motions and Res Judicata**

{¶26} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. "The very purpose of res judicata is to deter the repeated litigation of resolved issues, thereby ensuring finality in judgments and the conservation of judicial resources." *State v. Martin*, 8th Dist. Cuyahoga No. 110257, 2022-Ohio-524, 2022 WL 557712, ¶ 10 quoting *Kelm v. Kelm*, 92 Ohio St.3d 223, 227, 749 N.E.2d 299 (2001).

{¶27} While the doctrine of res judicata no longer bars the offender who does not contest a trial court's calculation of their jail-time credit in a direct appeal of their conviction and sentence, res judicata is still a consideration in the appeal of a motion to correct jail-time credit. Res judicata is applicable to bar successive motions for jail-time credit. *State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 12.

{¶28} Prior to the *Sands* decision, Ohio appellate courts applied the doctrine of res judicata to successive motions for jail-time credit. *State v. Simpson*, 10th Dist. Franklin No. 21AP-52, 2021-Ohio-4066, ¶ 15; *State v. Myers*, 2021-Ohio-1037, ¶ 22; *State v. Cretella*, 11th Dist. Trumbull No. 2018-T-0014, 2018-Ohio-3245, ¶ 9 (finding res judicata barred second and third motions for jail-time credit); *State v. Wilson*, 8th Dist. Cuyahoga No. 105535, 2017-Ohio-8068, ¶ 14, *appeal not allowed*, 151 Ohio St.3d 1515, 2018-Ohio-365, 90 N.E.3d 953; *State v. Tapp*, 8th Dist. Cuyahoga No. 106904, 2018-Ohio-4120, ¶

14 ("res judicata bars a defendant's attempted use of a second motion to correct jail-time credit as a substitute for a timely appeal"); *State v. Johnson*, 12th Dist. Fayette No. CA2020-06-008, 2021-Ohio-1629, ¶ 22; *State ex rel. Krouskoupf v. Ohio Dept. Rehabilitation & Correction*, 5th Dist. Muskingum No. CT2022-0012, 2022-Ohio-1310, ¶ 20. The doctrine of res judicata "'prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated.'" *State v. Simpson*, 2021-Ohio-4066, ¶ 12 citing *Myers* at ¶ 16. "Res judicata also bars a defendant from raising 'piecemeal claims in successive motions filed after the defendant is convicted.'" *Id.* quoting *State v. Battin*, 10th Dist. Franklin No. 18AP-888, 2019-Ohio-2195, ¶ 13.

{¶29} In this case, Adams filed three pro se motions to correct jail-time credit with the Licking County Court of Common Pleas regarding his concurrent sentences in Case Nos. 18 CR 482 and 18 CR 862. Adams' first motion to correct jail-time credit was explicitly denied by the trial court on August 12, 2019. Adams filed a second motion to correct jail-time credit on February 5, 2020, which the trial court did not rule on. On March 22, 2021, Adams filed an untimely appeal of the August 12, 2019 judgment entry. We denied Adams' motion for leave to file a delayed appeal. After our denial of the motion for leave to file a delayed appeal, Adams filed a third motion to correct jail-time credit with the trial court. The trial court issued its judgment entry denying the third motion for jail-time credit on January 11, 2022, from which this current appeal arises.

{¶30} Because Adams did not timely appeal the August 12, 2019 judgment entry denying his original motion to correct jail-time credit and res judicata bars successive motions for jail-time credit, his subsequent raising of the same alleged error in his third motion for jail-time credit is barred by res judicata. Further, considering that the August

12, 2019 judgment entry was a final judgment under R.C. 2929.19(B)(2)(g)(iii) that Adams did not timely appeal, any motions for jail-time credit filed by Adams thereafter would be considered motions for reconsideration. "There is no authority for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case." *State v. Krouskoupf*, 5th Dist. Muskingum No. CT2021-0036, 2021-Ohio-3968, ¶ 36 quoting *State v. Bennett*, 5th Dist. Muskingum No. CT2005-0009, 2006-Ohio-2812, ¶ 13 citing *State v. Leach*, 12th Dist. Clermont No. CA2004-02-011, 2005-Ohio-2370, ¶ 6. It is well-settled that a motion for reconsideration of a final judgment is a nullity. *Id.*

{¶31} Accordingly, Adams' sole Assignment of Error is overruled.

## CONCLUSION

{¶32} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.